## Jeffrey Structures, Inc. *v.* Grimaldi et ux., Appellants.

438

Argued April 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis Vaira*, with him *Franklyn E. Conflenti*, for appellants.

*David R. Levin*, for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal from an order of the Court of Common Pleas of Allegheny County entering judgment on the pleadings in an assumpsit action in favor of the appellee in the amount of Five Thousand ($5000) Dol-

lars. The action in assumpsit was brought by Jeffrey Structures, Inc., the appellee, to rescind an agreement for the sale of land and to recover the hand money paid to Sebastiano Grimaldi and Grace Grimaldi, his wife, the appellants, under the said agreement, and also to recover expenses alleged to have been incurred by the appellee company.

The appellants admit in the pleadings that they were and are the owners of certain real estate situate in Hampton Township, Allegheny County; that on June 28, 1955 they and the appellee company entered into a written agreement whereby they agreed to sell this land to the Jeffrey Structures, Inc.; and the appellee paid the Grimaldis $5000 hand money at the time of the execution of the agreement of sale.

By the terms of the agreement, the appellants agreed "to execute and deliver a good and sufficient deed of general warranty for said described premises . . . Title to the same to be good and free of all encumbrances with the exceptions of the reservation of sale of coal and mining rights as herein set forth."

The complaint alleges that the appellants are unable to perform their obligation because of the existence of certain encumbrances. The appellants admit the existence of these matters but deny that they are encumbrances affecting the marketability of the title.

The only one of the alleged encumbrances involved in this appeal is the fact that a deed in 1853 in appellants' chain of title contains a restriction providing that the sale of the property and the conveyance thereof shall become void and of no effect should the grantee, his heirs or assigns, at any time permit or suffer the premises or any part thereof to be used, occupied or enjoyed for the sale of ardent or spirituous liquors or the traffic therein, and the grantors therein retain

a right of reversion for themselves, their heirs and assigns. The only question before us is whether this restriction is an encumbrance entitling plaintiff to rescind the agreement and recover its hand money. The court below held it was such an encumbrance.

The contention of the appellants that "The Court below in entering judgment relied upon certain provisions of that deed which are not in the pleadings" to support a judgment on the pleadings, is without merit. The complaint, in setting forth the encumbrance, refers to "Restrictions against the sale of spirituous liquors, covenants and conditions as to reversionary rights, as more fully set forth in deed from Samuel Anderson et al., to William H. Young, dated April 4, 1853, of record in the Recorder's Office of Allegheny County in Deed Book Vol. No. 109, page 129." This certainly incorporates the deed into the complaint by reference. In *Cain v. Crow*, 114 Pa. Superior Ct. 567, 174 A. 589 (1934), quoted by the appellants as authority for the above contention, this was not true and the Court said at page 568, "In order to sustain the entry of judgment the court below was obliged to refer to, and in some degree rely upon, . . . the contents of a deed not made a part of plaintiff's statement, or referred to in it, either by quoting from it or by reference to the records in the recorder's office . . .".

It is well established that an encumbrance is the right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. A restriction on the use of the property is an encumbrance. *Ritter v. Hill*, 282 Pa. 115, 127 A. 455 (1925). We agree with the court below that "In the case at bar there is a clear restriction on the use of the land for the sale of spirituous liquors or the traffic therein. Under the above definition this constitutes

an encumbrance." See also: *Batley v. Foerderer*, 162 Pa. 460, 29 A. 868 (1894).

The appellants advanced the argument that the restriction in the deed is null and void since it is unlimited as to time and would therefore not be enforced. This argument was also advanced in *LaCourse v. Kiesel*, 366 Pa. 385, 77 A. 2d 877 (1951), but the Supreme Court rejected it and stated at page 391: ". . . We are well aware of the fact that it has been held that a court of equity may refuse to enforce restrictions when they become obsolete or cease to be of any advantage to those for whose benefit they were imposed due to the resistless evolution of time . . . Moreover if the plaintiffs took a deed subject to them (the restrictions) they might be exposed to the hazard of a law suit and this renders a title not marketable . . .".

The court below pointed out that the question does arise as to the amount of the judgment under the motion for judgment on the pleadings. The appellee asks for the return of its $5000 hand money and also for $205 as expenses, alleged to have been incurred for a title examination and for $250 for attorney fees. The appellants admitted the receipt of the $5000 down money but denied the other expenses.

Rule 1034 (b) of the Pennsylvania Rules of Civil Procedure provides, "The court shall enter such judgment or order as shall be proper on the pleadings". This matter has been discussed in Goodrich-Amram, Procedural Rules Service of Standard Pennsylvania Practice 1037 (c) 2, page 263 as follows: "The Practice Act of 1915 contained an express clause permitting a partial judgment for want of a sufficient affidavit of defense, with leave to proceed for the balance of the claim, to which the answer was sufficient. These Rules omit, as unnecessary, any direct reference to such a partial judgment. If specific authority is sought to

support a partial judgment, it can be easily found. Rule 1034 (b) authorizes the court, upon a motion for judgment on the pleadings, to enter 'such judgment or order as shall be proper'. This would include a partial judgment for that part of the claim to which the answer is inadequate". The judgment to be "proper" or "appropriate" as used in the Rules must include leave to proceed for the disputed balance.

Judgment affirmed.