### Edward Robinson Agency, Appellant, v. Oleen Products Corporation.

Argued April 27, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*M. E. Maurer,* with him *Wexler, Mulder & Weisman,* for appellant.

*Maurice Pollon,* with him *Leonard Barkan,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 23, 1960:

The plaintiff appeals from an order refusing its motion for judgment on the pleadings for a portion of the claim for which it brought this action in assumpsit. There is no procedure for a summary judgment for a portion of a claim that is not unequivocally and unqualifiedly admitted to be due by the defendant's answer or, stated otherwise, is only contingently admitted by the defendant to be due upon the plaintiff's compliance with certain unperformed conditions.

The procedural situation in the instant case is well described in the opinion of President Judge SLOANE for the court en banc as follows:

"We suppose plaintiff's idea is that the $2,500 is an amount admitted to be due.

"There are two possible ways for the $2,500 to be considered as 'admitted to be due.' The first is under the compromise agreement. That is, plaintiff is entitled to receive the final instalment under the compromise. But this is so only if plaintiff is willing to be bound by the compromise, to recognize that by paying the final $2,500, defendant will have satisfied the compromise, and hence that the underlying claim would be discharged.

"But this is not plaintiff's prayer. Plaintiff in short wants us to award it the $2,500 under the com-

promise agreement, yet plaintiff repudiates the compromise agreement. It wants the $2,500 under the compromise agreement but will not abide it. Plaintiff can have the agreement's sum but, if so, must recognize the agreement. It cannot be master of its own preference. Defendant, by its answer, has a right to the factual determination of its rights in the compromise agreement and plaintiff cannot forfeit that right simply because it wants its $2,500. Defendant's obligation to pay this sum is not pure. That money is presently *obsignare*.

"There is a dispute over the compromise agreement, a question as to the validity of the tender, matters plainly not for summary disposition.

"The second possible way for awarding plaintiff $2,500 would be as a partial payment—an instalment as it were—on the underlying claim which now stands at $18,157. But nowhere has defendant admitted a liability for the underlying claim. Rather, its answer specifically denies the 'extent and value' of that claim.

"Plaintiff would have us infer from the fact that defendant entered into the compromise agreement that it has thereby admitted liability, at least to the extent of the compromise amount. That inference is error. Rather, the underlying claim raises an issue of fact for trial."

Order affirmed.