DiNunzio, Inc., Appellant, *v.* DiNunzio.

Argued September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*J. William Ditter, Jr.,* with him *Ditter & Jenkins,* for appellant.

*Jules Pearlstine,* with him *Pearlstine, Salkin & Hardiman,* for appellee.

454

OPINION BY FLOOD, J., November 15, 1962:

This is an appeal from an order dismissing the plaintiff's motion for judgment against the defendant, Ida DiNunzio, for want of a sufficient amended answer to a writ of scire facias to revive a judgment. Judgment has been taken against the other defendants for want of an affidavit of defence.

The original judgment was entered on April 5, 1946, in favor of the Hatfield National Bank and against the defendants, Federico and Ida DiNunzio, in the sum of $3500.

The writ before us, by which the plaintiff seeks to have judgment of revival entered against the defendant, Ida DiNunzio, in the full sum of $3500 with interest from April 5, 1946, recites, among other things, that on January 17, 1957, the judgment was marked to the use of the plaintiff, Federico DiNunzio, Inc.

The amended answer of the defendant, Ida DiNunzio, avers that only $2400, and not $3500, of principal is due because the original obligation was reduced by two payments, made by the obligors, Federico and Ida DiNunzio, one of $1000 on October 28, 1954, and one of $100 on January 25, 1955.

The plaintiff seeks to avoid this obvious bar to the entry of judgment of revival on the pleadings for the sum of $3500 with interest by contending that the averment of part-payment in the answer is vague and insufficient. The averment as to part-payment in the amended answer is in these words:

"Defendant Ida DiNunzio denies that there is presently due and owing to the plaintiff the sum of $3,500 as set forth in plaintiff's claim filed in the Sci Fa to Revive. That on the contrary the only sum that was due and owing to the Hatfield National Bank now known as the Penn Valley National Bank, on January 17, 1957, when said bank assigned said judgment to Federico DiNunzio, Inc., was $2,400.00. This is evi-

denced by the fact that the ledger sheets of said bank show that on October 28, 1954 the sum of $3,500.00 was reduced by a payment of $1,000.00 which was made by the defendants Federico DiNunzio and Ida DiNunzio. That thereafter on January 10, 1955 the further sum of $100.00 was paid by the defendants Federico Di-Nunzio and Ida DiNunzio to said bank thus reducing the amount of the judgment to $2,400.00 and that said judgment remained in the same amount until the hereinbefore stated date of the assignment."

This is a clear averment that the amount of the original judgment was reduced on October 28, 1954, by a payment of $1000 by the two DiNunzios and in 1955 by a further payment of $100 by them. The whole argument of the plaintiff hangs upon the fact that the averment that the payment of the $1000 was made by the two DiNunzios was preceded by the introductory phrase, "This is evidenced by the fact that the ledger sheets of said bank shows that on October 28, 1954 the sum of $3500 was reduced by the payment of $1000. . ." We cannot see that this phrase nullifies the averment that the payment was made by the two DiNunzios.

Little more needs be added to the opinion of Judge HONEYMAN which properly disposes of the legal issues raised. Judgment for want of a sufficient answer should be entered only in clear cases. *Levin v. Blue Mountain Dairy, Inc.*, 407 Pa. 566, 180 A. 2d 908 (1962). There is here no such failure to deny that the full amount was due as to warrant the entry of judgment on the pleadings. What the plaintiff is really arguing is that these amounts were not paid by either of the obligors but by Federico DiNunzio, Inc. The trouble is that the record does not show this. Much less does it establish, in view of the averments of the amended answer, that any payment, even if made by the company, was for the purchase of the note rather than to reduce the amount of the judgment.

Under the circumstances it is obvious that entry of judgment on the pleadings for the full amount of the claim against one of the obligors, in favor of a corporation bearing the name of the other obligor would be unwarranted. By the same token, the amount of interest due does not clearly appear from the pleadings.

Order affirmed.