627

Kappe Associates, Inc. *v.* Aetna Casualty and Surety Company, Appellant, et al.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John L. Lachall,* with him *Reilly & Fogwell,* for appellant.

*Burton Neil,* with him *Allen O. Olin,* and *Olin and Neil,* for appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

The sole issue presented in this appeal is whether the lower court erred in granting appellee's motion for partial judgment on the pleadings.

On August 1, 1973, appellee, Kappe Associates, Inc., a Maryland corporation engaged in the business of designing, manufacturing, and selling machinery, filed a

complaint in assumpsit against appellant, Aetna Casualty and Surety Company. The complaint alleged that William Laudenslager contracted with the Lower Paxton Township Authority of Dauphin County to act as general contractor for the construction of sewage pumping stations; that as a condition precedent to the Township's acceptance of Laudenslager as the general contractor, Laudenslager and appellant, as surety, executed a bond for the protection of all persons supplying labor and/or material in connection with the construction of the stations; and that appellee contracted with Laudenslager to supply materials for use on the project. The complaint further alleged that:

"8. All of the within-described materials were ordered for, used and rendered in and about the prosecution of the work to construct the aforesaid pumping stations.

"9. Contractor has not paid Plaintiff the sum of $55,764.48 for the materials supplied by Plaintiff ... and said sums remain justly due and owing Plaintiff."

On March 29, 1974, appellant filed an answer to the complaint:

"8. Admitted.

"9. Denied with proof demanded at time of trial. It is hereby specifically denied that the sum of $55,764.48 is due and owing from the general contractor to the plaintiff or from the defendant to the plaintiff. The sum of $55,764.48 should be reduced by $3,056.48 by reason of the fact that the general contractor on February 7, 1973 supplied the plaintiff with the necessary certificate of Pennsylvania sales tax exemption. The said amount of $55,764.48 must be reduced also by a payment of $7,500.00 on account made by the general contractor on April 3, 1973 and by a back charge of $1,045.84 which plaintiff has agreed to . . . .

"In addition, the general contractor *counterclaims* against the plaintiff for damages caused by the five

months delay in the delivery of the pumps . . . . The Defendant is advised that the counterclaim figure will be on the order of $25,000.00. Therefore, the Defendant hereby specifically denies that the sum of $55,764.48 is due and owing from the Defendant to the Plaintiff for the materials supplied by Plaintiff . . . ."

On May 15, 1974, appellee filed a motion for partial judgment on the pleadings pursuant to Rule 1037(c), Pa. R.C.P.[1] The court ruled that paragraph 9 of appellant's answer did not constitute a sufficient denial to the allegations contained in paragraph 9 of the complaint. The court held, therefore, that appellant's responsive pleading constituted an admission that appellant owed appellee $55,764.48, but that appellant's answer specifically denied owing $36,602.32 of the amount claimed by appellee. The court ordered that judgment be entered in favor of appellee in the amount of $19,162.16.

A partial judgment on the pleadings is properly entered *only* if the defendant's answer "unequivocally and

---

1. Rule 1037(c) provides that "[i]n all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission." On its face, Rule 1037(c) does not provide authority to enter a partial judgment. Such authority exists, however, if Rule 1037(c) is read in conjunction with Rule 1034, which states: "(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. (b) The court shall enter such judgment or order *as shall be proper on the pleadings.*" (Emphasis added). Our Court has accepted this construction of the rules: "The Practice Act of 1915 contained an express clause permitting a partial judgment for want of a sufficient affidavit of defense, with leave to proceed for the balance of the claim, to which the answer was sufficient. These Rules omit, as unnecessary, any direct reference to such a partial judgment. If specific authority is sought to support a partial judgment, it can be easily found. [See] Rule 1034(b) . . . ." *Jeffrey Structures, Inc. v. Grimaldi,* 186 Pa. Superior Ct. 437, 441-442, 142 A.2d 380-381 (1958), quoting Goodrich-Amram Procedural Rules Service of Standard Pennsylvania Practice, 1037(c) 2, at 263.

unqualifiedly" admits that a portion of the claim is due. *Edward Robinson Agency v. Oleen Products Corp.*, 399 Pa. 502, 503, 161 A.2d 48 (1960). See also *DiNunzio, Inc. v. DiNunzio*, 199 Pa. Superior Ct. 453, 455, 185 A.2d 637 (1962). Whether appellant's answer "unequivocally and unqualifiedly" admits that $19,162.16 of appellee's claim is due must first be examined with reference to Rule 1029, Pa. R.C.P.:

"(a) A responsive pleading shall admit or deny the *averments of fact* in the preceding pleading or part thereof to which it is responsive . . .

"(b) Averments in a pleading *to which a responsive pleading is required* are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subsection (c) of this rule, shall have the effect of an admission.

"(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person . . . ."

Clearly, appellant's answer was a general denial, which is not sufficient under Rule 1029(b). The lower court ruled, therefore, that appellant's answer constituted an admission. Rule 1029(b), however, is applicable *only* if the averments contained in Paragraph 9 of the complaint require a responsive pleading. By virtue of Rule 1029(a), no responsive pleading is required to an allegation which is *not* an averment of fact. Thus, appellant's answer admitted that "Contractor has not paid Plaintiff the sum of $55,764.48 for the materials supplied by Plaintiff . . . ." because it failed to deny specifically this averment of fact. It must be determined, however, whether

the averment that ". . . said sums remain justly due and owing Plaintiff" is an averment of fact. If not, a failure to respond, or a failure to specifically deny, will not operate to create an admission on the part of appellant.

Rule 1029 does not define an "averment of fact" and there are few appellate decisions which discuss the problem. The Supreme Court addressed the issue in *Srednick v. Sylak*, 343 Pa. 486, 492-493, 23 A.2d 333 (1941): "The general rule is that admissions of fact in pleadings are admissible, but that the pleader's conclusions of law are not admissions of facts in issue. Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law, and when intended to be so used the statement may not be treated as an admission of fact." While this test does not conclusively answer the question before us, consideration of appellant's *entire* answer compels the conclusion that appellant did not "unequivocally and unqualifiedly" admit that it owed appellee $19,162.16.

In Paragraph 10 of its complaint, appellee averred that "Plaintiff has conformed and complied with all conditions required of it under the Bond attached hereto and under its agreements with Contractor." The Bond provides in pertinent part: ". . . the Principal and the Surety agree that any claimant, who has . . . furnished material in the prosecution of the work *in accordance with the Contract* and in accordance with the Contract Documents . . . and who has not been paid therefor, in full, . . . may institute an action upon this Bond, in the name of the claimant, in assumpsit, to recover any amount due the claim for such . . . material. . . ." (Emphasis added.) In its answer to Paragraph 10 of the complaint, appellant *specifically* denied that appellee complied with "all the conditions required of it under the bond . . . and under its

agreement with the general contractor. . . ." Thus, appellant's answer questions whether, under the terms of the payment bond itself, appellee could sue. It is inconsistent with this posture for the appellant to have admitted that it owed more than one third of the amount claimed.

It must be emphasized that ". . . . the rights of litigants should not be made to depend on the skill of the pleaders but rather on the justice of their claims." *Avondale Cut Rate, Inc. v. Assoc. Excess Underwriters, Inc.,* 406 Pa. 493; 500, 178 A.2d 758, 762 (1962). While Paragraph 9 of appellant's answer, viewed in isolation, might support a holding that appellant admitted a portion of the claim was due, certainly the pleading as a whole does not. Furthermore, it is questionable whether Paragraph 9 of the answer was necessary at all. The trial court's examination of this issue did not adhere to the mandate of Rule 126, Pa. R.C.P.: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

The order of the lower court is reversed, and the case remanded with direction to proceed to trial.

JACOBS, J., concurs in the result.