## Equibank v. Interstate Motels, Inc.

*W. Gregg Kerr, Dale E. Williams, R. Mark Solano, Frank A. Orban, Jr.*, for plaintiff.
*Joseph N. Cascio*, for defendants.
*John M. Lewis*, for defendant Interstate Motels, Inc.

SHAULIS, *J.*, September 20, 1982—This case is before us on plaintiff Equibank's motion for judgment on the pleadings against defendant Interstate Motels, Inc. pursuant to Pa.R.C.P. 1034.

### FACTS

Equibank filed a complaint in mortgage foreclosure against defendant Interstate Motels, Inc.,

hereinafter Interstate, as the lessor of certain property located in Somerset County. Various individuals who are the fee owners of that property were also named in the complaint although they are not involved in this particular proceeding. Interstate answered the complaint by admitting the existence of Equibank, the existence of itself, the execution and delivery of a first mortgage upon its leasehold interest in favor of Equibank as mortgagee, and the execution and delivery of a second mortgage upon its leasehold interest in favor of Equibank as mortgagee. All other averments in Equibank's complaint were answered in the following manner:

Denied. Upon reasonable investigation Defendant Interstate Motels, Inc., is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegation and therefore the same is denied and strict proof is demanded at time of trial.

## DISCUSSION

Equibank contends that the method of pleading exercised by Interstate constitutes an abuse of Pa.R.C.P. 1029 thereby rendering the answers to be admissions of the averments contained in Equibank's complaint. We agree with Equibank's contention.

R1029 is as follows:

"Rule 1029. Denials. Demand of Proof. Effect of Failure to Deny or Demand Proof.

(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b)  Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c)  An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.

(d)  Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." Adopted June 25, 1946, effective Jan. 1, 1947.

Section (b) indicates that averments in the pleadings are admitted when not denied specifically or by necessary implication. See also: Rohr v. Logan, 206 Pa. Super. 232, 213 A. 2d 166 (1965). A denial is considered to be general and is given the effect of an admission when it only indicates that an averment of an adverse party is denied: 2A Anderson Pa. Civil Prac. § 1029.7.

Section (c) of the rule provides an exception whereby a general denial is not viewed as an admission. In addition to a general denial, the pleader must include that either (1) after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge

or information because the means of proof are within the exclusive control of an adverse party or hostile person: Rule 1029(c). See also: 2A Anderson Pa.Civ.Prac. § 1029.8. Compare City of Philadelphia v. Kenny, 28 Pa. Commw. Ct. 531, 369 A. 2d 1343 (1977), certiorari denied 98 S. Ct. 401, 434 U.S. 923, 54 L.Ed. 2d 281, rehearing denied, 98 S. Ct. 754, 434 U.S. 1025, 54 L.Ed. 2d 774, where answer was insufficient for purposes of R1029(c). The objective of this section is to protect a party from making an admission in a situation where he was unable to ascertain competent information to support a specific denial. See Goodrich-Amram § 1029(c)-1.

To be effective under R1029(c), such denials must be bona fide and not a "mere mouthing of the language of the rule." S.A. Macanga, Inc. v. Paul, 104 Montg. 146 (1978). R1029(c) is not a method by which a pleader may avoid admitting matters that are within his knowledge: Robert G. Cutter v. Mrs. Florence Newcomer, 31 Fayette 185 (1968).

Furthermore, "R1029(c)(1) contemplates that a reasonable investigation will be made in good faith." 2A Anderson Pa.R.C.P. § 1029.9. A court may examine the reasonableness of the investigation when considering the general circumstances: Com. to Use of Macek Bros. v. Maryland Cas. Co., 116 P.L.J. 10 (1967).

An averment of lack of knowledge is not a sufficient denial under R1029(c) when, among other things, the information is a matter of public record, it is clear that defendant must know the truth or falsity of a particular allegation, the information necessary to formulate a specific denial is ascertainable after a reasonable investigation, and it affirmatively appears that defendant has sufficient knowledge on which to base an admission or a

specific denial. See: Strank v. Mercy Hospital of Johnstown, 376 Pa. 305, 102 A. 2d 170 (1953); Mellon Bank, N.A. v. Joseph, 267 Pa. Super. 307, 406 A. 2d 1055 (1979); Scales v. Sheffield Fabricating & Mach. Co., 258 Pa. Super. 568, 393 A. 2d 680 (1978); Medusa P. Cement Co. v. Marion C. & S. Co., 204 Pa. Super. 5, 201 A. 2d 285 (1964). All well pleaded facts in plaintiff's complaint are deemed admitted when defendant's answer is clearly insufficient under R1029(c): S.A. Macanga, Inc. v. Paul, supra.

Although the answers of Interstate on its face appear to meet the requirements of R1029(c)(1), we feel that this type of pleading under these circumstances is an improper application of the rule thereby negating its purpose while allowing Interstate to avoid submitting a responsive pleading as required by R1029(a). We find the majority of Interstate's responses to be untenable as it should have had sufficient knowledge with which to formulate its answer. Even if it did not have adequate information with which to draft its answer, we feel that a good faith investigation would have revealed the facts to do so.

Equibank's brief articulates our own philosophy; therefore, we will borrow from its language.

"In paragraphs 11 and 14, Interstate admitted that it made, executed and delivered to Equibank, respectively, the First Mortgage and the Second Mortgage upon its leasehold interest in the premises as described in the Complaint and that the mortgages are recorded as stated in the Complaint. Nevertheless, Interstate has asserted in its response to paragraphs 13 and 16 of the Complaint that it has no knowledge as to whether the respective mortgages were for the purpose of securing

identified Mortgage Notes (both of which are attached as exhibits to the Complaint). It is inherently incredible and untrue that Interstate has no such knowledge and that it is not in a position to admit or to deny the existence, applicability and provisions of said notes.

In paragraph 18, Interstate purports to have no knowledge as to the premises subject to the mortgages, notwithstanding the fact that the description of the premises is specifically attached as Exhibit "E" to the Complaint. It is inherently incredible and untrue that Interstate does not have knowledge sufficient to admit or deny whether the described premises are subject to the mortgages, particularly since the mortgages containing a description of the premises are also attached as exhibits to the Complaint and Interstate admits the making and execution of the mortgages.

In paragraph 19, Interstate claims that it cannot determine whether it is the owner or purported owner of a leasehold interest in the described premises. Such a position is inherently incredible and untrue, particularly where the document identifying said leasehold interest is of record as indicated by the Complaint and the mortgage describes the leasehold. It is clearly within the capability of Interstate to determine the accuracy of the averment.

Interstate's response to the averments of paragraph 21 of the Complaint is similarly defective. Interstate purports to lack knowledge as to whether it made payments pursuant to the First Mortgage Note from and after November 1, 1980. A similar position is taken by Interstate in paragraph 22 with respect to payments pursuant to the Second Mortgage Note. It is completely incredible and unbelievable that Interstate cannot determine from

its own books and records whether it made payments under these mortgages since that date and, therefore, whether the notes are in default.

In its response to paragraph 23 of the Complaint, Interstate pleads that it is unable to determine whether said defaults entitle the plaintiff to foreclose Interstate's leasehold interest, notwithstanding that Interstate admits the making and execution of the mortgages, the terms and conditions of which constitute the basis of the mortgage foreclosure.

Interstate also professes in its response to paragraph 24 of the Complaint an inability to admit or to deny whether the plaintiff gave Interstate written notice of the defaults, a copy of which is attached to the Complaint as Exhibit "F." Interstate is certainly in a position to determine whether, in fact, it received such notice of defaults and, therefore, Interstate's response is inherently incredible and untrue."

In determining whether Interstate had admitted Equibank's allegations, we must examine the pleadings as a whole. See Cerone v. Cerone, 254 Pa. Super. 381, 386 A. 2d 1 (1978).

Accordingly, Interstate's method of answering the complaint constitutes admissions to all of the averments in the complaint with the exception of paragraph 26 regarding the amount due: Mellon Bank, N.A. v. Joseph, supra, indicated that an amount due broken down into principal, escrow deficiency, late charges, interest and attorney's fees could well be beyond the mortgagor's knowledge. Thus, the method of pleading used by Interstate to such an averment does not constitute a violation of R1029 and is not an admission.

The final problem that we must resolve is

whether these admissions warrant the granting of Equibank's motion for judgment on the pleadings. We believe that they do.

The general rule is that, "judgment for want of sufficient answer should be entered only in clear cases." DiNunzio, Inc. v. DiNunzio, 199 Pa. Super. 453, 185 A. 2d 637 (1962). Where all of the material allegations in the complaint are admitted, the plaintiff may move for judgment on the pleadings: 6 Standard Pa. Prac. 2d §31:9.

Swayne v. Lovett, 21 Pa. Commw. 462, 346 A. 2d 857 (1975), involved a case where defendant answered the complaint with a general denial followed by a declaration that after reasonable investigation, he was unable to determine the truth or falsity of plaintiff's averments. Judgment on the pleadings in plaintiff's favor was granted where the means of proof of plaintiff's averments were matters of public record.

The court in Delaware Valley Carpeting Contractors, Inc. v. Leicht, 73 D. & C. 2d 51 (1975), granted plaintiff's motion for judgment on the pleadings when defendant's method of answering the complaint constituted a gross misuse of R1029.

Anderson-Stokes, Inc. v. Gensey, 65 D. & C. 2d 116 (1973) involved a situation much like the one that we are faced with here. In that case, plaintiff's complaint averred that a mobile home was delivered to defendants pursuant to a written contract. Subsequently, defendants breached the contract by failing to make a payment. In their answer, defendants admitted the allegations concerning the identity of the parties, the execution of the contract, and delivery of the mobile home. All other averments were answered, "Denied and proof of the same is demanded at time of trial." The court granted plaintiff's motion for judgment on the pleadings. In spite of the fact that the phrasing of

the answer in that case failed to comply with the standards set forth in R1029(b) and (c), we feel that the case also stands for the proposition that judgment on the pleadings may be granted when the rule is abused in its application.

In all fairness to Interstate, we must again mention the case of Medusa P. Cement Co. v. Marion C. & S. Co., supra, where the complaint was found to be sufficient and the answer was insufficient. The court refused to grant plaintiff's motion for summary judgment stating that, "in light of the rule that the power of entering summary judgment should be cautiously exercised, we may not assume that the defendant cannot plead a good defense to the claim in whole or in part." We believe that this case can be distinguished from the one presently before us.

In Medusa, the complaint was answered by defendant's recently elected president who said that he personally did not have the requisite knowledge to form an answer. The court indicated that an inference that the corporation had no knowledge cannot be inferred from the president's answer. Consequently, defendant was permitted to amend its answer. See also: Tikuas Israel Congregation v. National Union Fire Ins. Co. of Pittsburgh, 3 D. & C. 2d 585 (1955), denying plaintiff's motion for judgment on the pleadings.

Equibank's complaint was not answered by an officer of Interstate, but rather by Interstate itself. We find it extremely difficult to believe that Interstate did not have or could not have gotten sufficient information with which to formulate admissions or specific denials. For the reasons set out herein, we hold that Interstate has taken unfair advantage of R1029 that must result in the granting of plaintiff's motion.

Under Pennsylvania Rules of Civil Procedure 1034, when the only question under the pleadings is the amount of damages, judgment may be rendered and the question of damages reserved to be assessed in a separate trial.

See Jeffrey Structures, Inc. v. Grimald, 186 Pa. Super. 437, 142 A. 2d 378 (1958); Capital Hospital Service v. Pomeroy's Inc. 43 D. & C. 2d 632 (1967). The court may also enter judgment on the pleadings in favor of plaintiff and against defendant without specifying the amount. In A & P Tea Co. v. American Mutual Liability Ins. Co., 55 D. & C. 2d 346 (1971) the court gave defendant 30 days to request a trial to resolve the reasonableness of the amount and the propriety of plaintiff's enumerated expenses and if defendant failed to make the request for trial of the limited issue, the court would, on the motion of plaintiff, enter an addendum to the judgment for plaintiff in the amount set forth in the complaint plus interest.

We agree with the method used by the Crawford County Court in the above case and make the same type order.

## ORDER

Now, September 20, 1982, a limited judgment on the pleadings is entered in accordance with this opinion and the prothonotary is directed to enter a judgment in favor of plaintiff and against defendant Interstate Motels, Inc. without, at this time, specifying the amount thereof.

In the event said defendant requests a trial of the factual issue set forth in our opinion, the amount of the aforesaid judgment will be determined by an appropriate verdict.

In the event said defendant does not request a

trial on the issue of the amount to which plaintiff is entitled within 30 days, the court will, on motion of plaintiff, enter a further order setting the amount of this judgment at $1,668,791.13 together with appropriate interest.