**Harris v. Sangodeyi**

C.P. of Beaver County, no. 11339 of 2003.

*Jean A. Manifesta,* for plaintiff.
*Robert A. Weinheimer,* for defendant, Aliquippa Community Hospital.

KUNSELMAN, *P.J.,* September 3, 2004—This medical malpractice case is before the court on the motion of the defendant, Aliquippa Community Hospital, for partial judgment on the pleadings. The motion is founded upon the plaintiff's failure to timely file a certificate of merit as to individual nurses. Certificates of merit as to the individual nurses were filed on behalf of the plaintiff six days after the motion for partial judgment on the pleadings was filed. Prior thereto, the plaintiff had timely filed a certificate of merit as to the hospital which certified that "the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable pro-

fessional standards and that such conduct was a cause in bringing about harm[.]" Motion for partial judgment on the pleadings, exhibit A.

We were informed by counsel for the hospital at oral argument that this certificate of merit precluded the filing of a praecipe for judgment of non pros under Pa.R.C.P. 1042.6 and so the hospital proceeded with its motion for partial judgment on the pleadings. We shall deny the motion. Our reasons follow.

At the outset, we observe that a motion for judgment on the pleadings is governed by Pa.R.C.P. 1034. That rule authorizes any party to move for judgment on the pleadings after the pleadings are closed. (Rule 1034(a).) The court then is authorized to enter such judgment or order as shall be appropriate on the pleadings. (Rule 1034(b).) Subdivision (b) thus authorizes a partial judgment on the pleadings when, for example, the defendant's answer unequivocally and unqualifiedly admits that a portion of a claim is due, *Kappe Associates Inc. v. Aetna Casualty and Surety Company*, 234 Pa. Super. 627, 341 A.2d 516 (1975), or where the defendant's answer to part of a claim is inadequate. *Jeffrey Structures Inc. v. Grimaldi*, 186 Pa. Super. 437, 142 A.2d 378 (1958).

However, a motion for judgment on the pleadings is similar to a demurrer and may be entered only where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Company*, 407 Pa. Super. 68, 71, 595 A.2d 128, 129 (1991). In ruling on such a motion, we may consider only the pleadings and any documents properly attached thereto. *Parish v. Horn*, 768 A.2d 1214, 1215 n.1 (Pa. Commw. 2001), *affirmed*, 569 Pa. 46, 800 A.2d 294 (2002); *Mellon Bank N.A. v. Na-*

.

*tional Union Insurance Company of Pittsburgh,* 768 A.2d 865, 870 (Pa. Super. 2001); *Del Quadro v. City of Philadelphia,* 293 Pa. Super. 173, 176-77, 437 A.2d 1262, 1263 (1981).

In the case at bar, we have examined the averments of the plaintiff's complaint as to the hospital and find that the plaintiff has alleged facts that, if proven, establish a cause of action against the hospital based upon its own negligence and that of its nurse employees. A certificate of merit required by Pa.R.C.P. 1042.3 is not part of the pleadings and so the failure to timely file a certificate of merit cannot be the basis upon which to enter judgment on the pleadings.

Moreover, since certificates of merit were filed prior to any praecipe for judgment of non pros, it would appear that the hospital is no longer entitled to seek such a judgment. Note to Pa.R.C.P. 1042.6; *Helfrick v. UPMC Shadyside Hospital,* 64 D.&C.4th 129 (Allegheny Cty. 2003).

For the foregoing reasons, we shall dismiss the hospital's motion for partial summary judgment. An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the motion for partial summary judgment filed on behalf of the defendant, Aliquippa Community Hospital, is dismissed.