582 A.2d 21

**MERITOR SAVINGS BANK f/k/a Philadelphia Savings Fund Society, Appellee,**

v.

**Carmen BARONE and Marian Barone, h/w and Howard McClurd and Germantown Insurance Co., Appellee.**

**Appeal of Carmen and Marian BARONE, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1990.

Filed Nov. 8, 1990.

James J. DeMarco, Philadelphia, for appellants.

Paul J. Gelman, Philadelphia, for Meritor Sav., appellee.

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge:

Appellants appeal a trial court order which granted Meritor Savings Bank's (the Bank's) motion for Summary Judgment in a mortgage foreclosure action and dismissed Appellants' New Matter/Counterclaim. Appellants contend that the trial court "properly granted summary judgment on the debt but erred when it dismissed [their] Counterclaim." Appellants' Brief at iii. We agree with Appellants' contention and reverse the trial court order dismissing their counterclaim.

Appellants executed a mortgage with the Bank in 1985 and simultaneously purchased disability insurance through the Bank. Appellant Carmen Barone became disabled in October of 1986 and his monthly payments were thereafter made by Germantown Insurance Company, who was assigned Mr. Barone's policy. When Germantown refused to provide further coverage in 1988 and Appellants' mortgage

payments fell into default, the Bank filed a Complaint in Mortgage Foreclosure. Appellants responded with an Answer, New Matter and Counterclaim. Therein they claimed that the Bank was negligent in obtaining the required disability insurance. Appellants also filed a Complaint naming Germantown as an additional defendant.

Upon consideration of a motions for Summary Judgment filed by the Bank, the trial court awarded judgment in its favor and dismissed Appellants' counterclaim. The trial court concluded, from the agreed upon facts, that Appellants were in default. The trial court reasoned that the counterclaim must be dismissed because the only defense offered was that the payments should have been made by Germantown and this contractual relationship is irrelevant to the action in mortgage foreclosure between Appellants and the Bank. In support of the trial court's ruling the Bank further submits that the counterclaim presented by Appellants should be stricken because the claims made therein were not part of, or incident to, the creation of the mortgage as required by Pa.R.C.P. 1148. We conclude, contrary to the Bank's position, that the counterclaim raised by Appellants was properly plead in this mortgage foreclosure action. In addition we find that the trial court neglected to note the viable negligence claim made by Appellants against the Bank.

The counterclaim at issue is not based upon Germantown's failure to pay the disability insurance; rather, Appellants claim that the Bank negligently failed to provide Appellants with the insurance for which they contracted. Attached to the counterclaim is a copy of the disclosure form required under the Truth and Lending Act which is dated the same date as mortgage document. A cost of $1,223.59 is listed for Credit Life and Disability Insurance. Disability Insurance is described as:

DISABILITY INSURANCE: Pays your monthly payment, up to $450, if you become totally disabled for 30 days while insured. *Total disability means that you*

*can't perform your job.* After 30 days, it pays as long as you remain disabled during your loan term.

(Emphasis added.)

Appellants allege that Carmen Barone became disabled in 1986 and that he remains totally and permanently disabled as defined in the disclosure form—he "can't perform [his] job." This fact is not contested by the Bank. The insurance carrier, Germantown, has denied coverage under the terms of its policy which refuses coverage "after the initial 12 month period of total disability unless [the insured] is unable to perform 'any occupation or employment for which he is reasonable qualified by reason of education, training or experience.'" Because Mr. Barone was permitted to return to a light duty or sedentary-type of work, coverage ceased after the first 12 months.

Appellants allegations against the Bank concern the Bank's responsibility in procuring the agreed insurance. The fact that some disability insurance was acquired and paid by an insurer is not at issue. What is of import is the question of whether the Bank obtained for Appellants the insurance described in it's disclosure form. The different definitions of the disability insurance in the disclosure form and in the actual insurance contract form the basis of Appellants counterclaim. If, as Appellants suggest, the Bank failed to provide them with the insurance it agreed to provide, and if as a result of this failure Appellants have been unable to receive disability payments on their mortgage which has caused it to go into default, then Appellants may be able to recover the sum due and clear their default.

The Counterclaim made by Appellants is an appropriate response to the Bank's mortgage foreclosure complaint. Counterclaims in mortgage foreclosure actions are governed by the terms of Pa.R.C.P. 1148, which provide:

A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.

In *Mellon Bank, N.A. v. Joseph,* 267 Pa.Super. 307, 406 A.2d 1055 (1979) the court affirmed an order striking the appellants two counterclaims. The court ruled: "Here, the counterclaims appellant seeks to assert are remedial; they arose once the mortgage was in default, but were not part of, or incident to, the creation of the mortgage itself." 406 A.2d at 1060. Unlike the counterclaims in *Mellon Bank,* the Counterclaim in the instant case arose as part of, or incident to, the creation of the mortgage. The disclosure form, dated the same date as the mortgage document, states:

> You, the Borrower, may buy Credit Life Insurance *in connection with your installment loan.* If you buy Credit Life Insurance, you may also buy Credit Disability Insurance if you are less than age 65.

(emphasis added.)

Appellants counterclaim, based upon the Banks' failure to provide the disability insurance for Appellants outlined in the disclosure form, met the requirements of the rule. In connection with the mortgage the Bank undertook an obligation to provide a defined form of disability insurance. The Banks' failure to meet this obligation is the proper subject of a counterclaim to the foreclosure action.

Because Appellant does not dispute that portion of the trial court order which rules in the Bank's favor and enters Summary Judgment in the mortgage foreclosure action, we affirm that portion of the trial court order. For the reasons outlined above, we reverse that portion of the trial court order which dismisses Appellants' counterclaim. Because of the our decision to reinstate the counterclaim, which may prove to be a set-off to the amount Appellants are in default, we direct the trial court to stay any action on the Bank's judgment in the mortgage foreclosure action until the counterclaim is resolved.

Order affirmed in part, reversed in part. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.