**Bank of America, N.A. v. Jagruti Corp.**

C.P. of Montgomery County, no. 2009-31604.

*Alan Gershenson,* for plaintiff.
*Steven R. Sosnov,* for defendant.

### FACTUAL AND PROCEDURAL HISTORY

CARPENTER, *J.*, August 17, 2010—Defendant/ appellant, Jagruti Corporation ("Jagruti"), appeals from the June 7, 2010 order granting a motion for judgment on the pleadings ("motion") in favor of plaintiff/appellee, Bank of America, N.A., successor in interest by merger to Fleet National Bank, successor in interest by merger to Progress Bank ("Bank of America") and striking Jagruti's counterclaim in this mortgage foreclosure action. An in rem judgment was entered in favor of Bank of America and against Jagruti for $325,118.35, plus interest from

September 30, 2009 at the rate of $91.47 per diem.[1]

On October 2, 2009, Bank of America initiated the underlying mortgage foreclosure complaint. In response, Jagruti filed only new matter and a counterclaim. Jagruti did not file an answer. Accordingly, all averments in the complaint were deemed admitted under Pa.R.C.P. 1029(b). Specifically, it is admitted that on April 2, 2002, Jagruti executed and delivered the Bank of America's predecessor a promissory note ("note") evidencing a loan in the principal amount of $320,000.00. Complaint ¶3. As security for the note, Jagruti executed and delivered to Bank of America a mortgage dated April 2, 2002, relating to a property located at 405 West Wood Street, Norristown, Pennsylvania. *Id.* at ¶4. The mortgage is recorded in the office of Montgomery County Recorder of Deeds on May 7, 2002, at mortgage book 8547, Page 1149. *Id.* The note and mortgage are in default by virtue of Jagruti's failure to make payments thereunder when due. *Id.* at ¶7. As a result of the default on the note and another note, on April 1, 2009, Bank of America confessed judgment against Jagruti for $634,937.46, of which $307,007.29 was due on the note as of March 16, 2009. *Id.* at ¶8. Interest continues to accrue after March 16, 2009, at a rate of $91.47 per day pursuant to the note. *Id.* at ¶9.

In Jagruti's new matter, Jagruti asserts that Bank of America is estopped from proceeding with this mortgage foreclosure because Bank of America has levied and attached the rents received on the subject property. New

---

1. This appeal is docketed in the Superior Court at 1785 EDA 2010, and has been consolidated with 1784 EDA 2010, because both involve similar facts and legal issues. The action giving rise to the appeal at 1984 EDA 2010 was decided by the Honorable Kent H. Albright.

matter ¶13. Additionally, it is averred that Bank of America is estopped from proceeding because Jagruti has entered into an agreement of sale to sell one of the buildings that is the subject of this and another mortgage foreclosure complaint.[2] *Id.* at ¶15.

Along with new matter, Jagruti asserted a counterclaim, which asserted that Bank of America had made another loan to Jagruti's sister corporation, that Bank of America sold the loan to a third party and that because Bank of America did not automatically pay the assignee of the sister corporation's loan from the sister corporation's bank account with Bank of America, a default judgment was caused in the sister corporation's loan, which caused the assignee to take judgment and execute on the sister corporation. Specifically, it is alleged that Jagruti and its sister corporation, Shiva Corporation ("Shiva"), had a banking arrangement with Bank of America. Counterclaim ¶17. Jagruti owned the real estate at issue in this matter, and Shiva operated convenience stores in Montgomery County. *Id.* Jagruti and Shiva were obligated to Bank of America by separate notes. *Id.* at ¶18. The payment of the notes was under an arrangement by which Bank of America would deduct the monthly payment amounts from the separate accounts of each borrower. Under this arrangement all note payments were appropriately made. *Id.* at ¶19. Sometime in 2006 or early 2007, Bank of America assigned its note from Shiva to a Texas company, Brown Bark, LLP ("Brown Bark"). *Id.* at ¶21. It was requested that Bank of America continue its practice of deducting the amount due on the note from the Shiva bank account at Bank of America. When Brown Bark

---

2. See, 1784 EDA 2010.

did not receive any money form the Bank of America account it confessed judgment against Shiva and its two corporate officers, Atul Patel and Jagruti Patel. *Id.* at ¶¶20, 21. Based upon the confessed judgment, Brown Bark executed on the Shiva accounts at Bank of America, seizing a significant amount of money including an account which was dedicated to payment of Pennsylvania lottery funds. *Id.* at ¶22. The loss of a Pennsylvania lottery at Jagruti's convenient stores would have been catastrophic. The Patel's were forced to close all accounts at Bank of America, and reestablish new accounts at another bank. *Id.* at ¶23. The closing of Bank of America accounts and the execution of Brown Bark caused the convenient stores to lose their business relationship with firms supplying these stores with money orders. *Id.* at ¶24. Jagruti was thereafter unable to make further payments to Bank of America. Jagruti is being forced to sell its real estate to pay debts due as a result of the foregoing, and it faces the real possibility of bankruptcy if the sale referred to in new matter does not go through. *Id.* at ¶25. Bank of America breached its duties and undertakings with the Patels concerning the management of their finances in achieving the American Dream. *Id.* at ¶26.

Bank of America filed a response to Jagruti's new matter and counterclaim on December 22, 2009. Thereafter, on December 23, 2009, Bank of America filed a motion for judgment on the pleadings, to which Jagruti filed a response. Oral argument was conducted on May 29, 2010. After carefully considering Bank of America's Motion, Jagruti's response, the briefs of both parties and the relevant case law, we issued the July 7, 2010 order granting the motion for judgment on the pleadings,

from which Jagruti has appealed.

## ISSUES

I. *Whether Jagruti's Counterclaim was properly stricken, when it was not a part of or incident to the creation of the mortgage.*

## DISCUSSION

I. *Jagruti's Counterclaim was properly stricken, when it was not a part of or incident to the creation of the mortgage.*

a. *Standard of review*

Pennsylvania Rule of Civil Procedure 1034 provides that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). In ruling on a motion for judgment on the pleadings, the court should confine itself to the pleadings, such as the complaint, answer, reply to new matter and any documents or exhibits properly attached to them. A motion for judgment on the pleadings may only be granted where the pleadings demonstrate that no genuine issue of facts exists, and the moving party is entitled to judgment as a matter of law. *Integrated Project Services v. HMS Interiors, Inc.*, 931 A.2d 724, 732 (Pa. Super. 2007)

On a motion for judgment on the pleadings, which is similar to a demurrer, the court accepts as true all well-pleaded facts of the nonmoving party, but only those facts specifically admitted by the nonmoving party may be considered against him. *Mellon Bank v. National Union Ins. Company of Pittsburgh*, 768 A.2d 865,868 (Pa.

Super. 2001). Such a motion may only be granted in cases "where, on the facts averred, the law says with certainty that no recovery is possible." *Lindstrom v. City of Corry*, 563 Pa. 579,583, 763 A.2d 394, 396 (2000). There should be no issue of material fact and the law should be so clear that a trial would be a fruitless exercise. *Southcentral Employment Corp. v. Birmingham Fire Ins, Co. of Pennsylvania*, 926 A.2d 977, 980 (Pa.Super. 2007).

b. *Counterclaim was properly stricken because it was not a part of or incident to the creation of the mortgage*

Counterclaims in mortgage foreclosure actions are governed by rule 1148 of the Pennsylvania Rules of Civil Procedure. Under rule 1148, a defendant may only plead counterclaims that "arise from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." See. Pa.R.C.P. 1148, 42 Pa.C.S.A; see also, *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1057 (Pa.Super. 1999). This rule has been interpreted as permitting to be pled only those counterclaims that are part of or incident to the creation of the mortgage relationship itself. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998); *Chrysler First Business Credit Corp. v. Gourniak*, 601 A.2d 338, 341 (Pa.Super. 1992). Furthermore, rule 1148 must be interpreted narrowly. *Id.* Counterclaims that are not part of or incident to the creation of the underlying mortgage, are improperly pled and may be stricken in a mortgage foreclosure action. *Id.*

In this case, accepting as true all of the facts as pled in the counterclaim, the counterclaim has nothing at all to do with the creation of the mortgage. Rather, it concerns alleged payment arrangements regarding the underlying

mortgage and another mortgage, not at issue in this action, executed by Shiva. There are simply no allegations that this payment arrangement was contemplated, negotiated or agreed to at the time that the mortgage was entered into.

On appeal, Jagruti first asserts that the counterclaim set forth a proper cause of action for negligent performance of undertaking to render services under section 323 of the Restatement(Second) of Torts. Jagruti argues thatthe undertaking was relied upon and the harm caused resulted from the negligent conduct in the manner of performance of the undertaking or from the failure to exercise reasonable care to complete it or to protect the relying party when the undertaking was discontinued, citing *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). (Concise statement, issue 1 p. 1). Even if Jagruti has set forth a cause of action for Negligent Performance of Undertaking to Render Services, that is not enough to successfully assert a counterclaim in a mortgage foreclosure action. This court examined the allegations which comprise Jagruti's counterclaim and has determined that the alleged payment arrangement between Bank of America and Jagruti was not an arrangement that was part of or incident to the creation of the underlying mortgage. Jagruti has neither pled that this alleged payment arrangement was contractually entered into at the time of the creation of the mortgage, nor has Jagruti alleged that any mortgage document contains an agreement to such payment arrangement. While Jagruti's claim may be barred in this mortgage foreclosure action, it does not preclude Jagruti from bringing a separate action against Bank of America if it so chooses.

Jagruti also claims that the counterclaim arose from

a series of transactions or occurrences from which the mortgage foreclosure action arose, citing *Meritor Savings Bank v. Barone*, 582 A.2d 21 (Pa.Super, 1990) in support of its contention. (Concise statement, issue 2 p. 2). However the *Barone* case is easily distinguishable and offers no support to Jagruti's claim.

The *Barone* court held that a claim that a lender negligently failed to provide two mortgagors with the disability insurance that the lender agreed to provide arose from, or was incident to, the creation of the mortgage, and was therefore a proper subject for a counterclaim in a mortgage foreclosure action, where the lender's disclosure form stated that the mortgagors were entitled to buy the insurance in connection with their loan. The *Barone* court noted that in connection with the mortgage the lender undertook an obligation to provide a defined form of disability insurance.

In our case, Jagruti has not alleged any facts from which it could be inferred that the alleged payment arrangement arose from the mortgage transaction itself. Unlike *Barone*, there is no allegation that Bank of America undertook this obligation in connection with the creation of the mortgage.

Jagruti finally contends that that this court should have given the counterclaim pleadings the widest and broadest interpretation necessary to sustain a cause of action when a motion for judgment on the pleadings is involved. Jagruti argues that such approach is consistent when a demurrer is filed by an opposing party in preliminary objections, and an opportunity to amend the cause of action to add appropriate additional facts necessary to establish the elements needed. Jagruti asserts that with a motion for summary

judgment, the claimant's affidavits and depositions would fill in any missing parts of the pleadings or any additional explanations needed to support the pleadings.

Initially, in determining Bank of America's motion for judgment on the pleadings, this court applied the proper standard as set forth earlier in this opinion. Applying that standard, we accepted all of Jagruti's allegations, as the nonmoving party, as true. Even if all of the allegations of the counterclaim were true, Jagruti is barred from asserting a cause of action which was did not arise out of, or incident to, the creation of the mortgage. There were no such allegations, nor were there any allegations from which this court could reach such an inference.

Jagruti's claim also fails because it never requested that this court allow him leave to amend its counterclaim either in its written response to the motion for judgment on the pleadings or at oral argument. Additionally, a court is not required to sua sponte order or require a party to amend its pleading. *Werner v. Zazyczny*, 545 Pa. 570, 583-584, 681 A.2d 1331, 1338 (Pa. 1996). It is noteworthy that Jagruti neither specifies what new allegations it would have included if given the chance to amend, nor does Jagruti proffer what, if any, potential evidence it hoped to uncover during discovery that could have led to an inference that the alleged payment arrangement was part of, or incident to, the creation of the mortgage.

## CONCLUSION

Based on the forgoing analysis, our June 7, 2010 order, granting plaintiff's motion for Judgment on the pleadings should be affirmed.