# LSF8 Master Participation Trust v. Tanana

*Steven K. Eisenberg* and *Andrew J. Marley*, for plaintiff.

*Raymond W. Ferrario*, for defendants.

NEALON, *J.*, April 2, 2014—An assignee mortgagee has filed a motion for summary judgment in this mortgage foreclosure proceeding, and seeks an *in rem* judgment against the borrowers for principal balance, accrued interest, insurance, taxes, counsel fees and expenses allegedly due under the mortgage. The assignee contends that the borrowers' averments in their responsive pleading are mere general denials under Pa.R.C.P. 1029(b) and constitute binding admissions that the borrowers are in default and owe the amounts claimed. The assignee alternatively argues that the affidavit of the mortgage service's "default service officer" conclusively establishes that there is no genuine issue of material fact and that the assignee is entitled to judgment as a matter of law.

In their answer to the complaint, the borrowers specifically denied the default and damages allegations of the mortgage assignor, and further averred that certain mortgage payments were not credited by the assignor and that other payments were rejected by the assignor with the

intent to improperly precipitate a default and accelerate the remaining payments due under the mortgage. As such, the borrowers have denied their liability "specifically or by necessary implication" under Rule 1029(b), as a result of which their responsive averments cannot be deemed admissions of their default and alleged responsibility for the principal, interest, charges and counsel fees claimed. Furthermore, since the borrowers have renewed the foregoing affirmative defense in their response to the motion for summary judgment, triable issues of fact exist which cannot be decided as a matter of law based upon the testimonial affidavit of the movant's representative. Consequently, the assignee's motion for summary judgment will be denied.

## I. FACTUAL BACKGROUND

On July 2, 2013, HSBC Mortgage Services, Inc. ("HSBC") instituted this mortgage foreclosure action against defendants, Brandy Tanana and Timothy Tanana (the "Tananas"). (Docket entry no. 1 at ¶1; Docket entry no. 3 at ¶1). The parties admit that on August 31, 2006, Brandy Tanana executed a note with her original lender, Wilmington Finance, Inc., pursuant to which she promised to repay the sum of $335,000.00 in monthly payments of $2,790.02 beginning on October 1, 2006, and concluding on September 1, 2036. (*Id.* at ¶3 & Exhibit A). In connection with that note, Brandy Tanana and Timothy Tanana provided a mortgage to Wilmington Finance, Inc., with respect to their property at 417 Varsity Drive, Throop, Pennsylvania. (*Id.* at ¶4 & Exhibit B). The mortgage identifies Wilmington Finance, Inc., as the

lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "nominee" for the lender and "the mortgagee" under the mortgage instrument. (*Id.*, Exhibit B at p. 2).

The original plaintiff, HSBC, asserts in the complaint that on October 26, 2010, MERS executed an assignment of the Tananas' mortgage to HSBC. (*Id.*, Exhibit C). The assignment of the Tananas' mortgage to HSBC was duly recorded as Instrument No. 20102230 in the Office of the Recorder of Deeds of Lackawanna County on November 10, 2010. (Docket entry No. 11, Exhibit A2). The current plaintiff, LSF8 master participation trust ("LSF8"), contends in its motion for summary judgment that the Tananas' mortgage was later assigned to LSF8 on October 10, 2013, and that "said assignment is in the process of being recorded."[1] (Docket entry no. 11 at ¶ 6).

---

1. "Pennsylvania law requires that mortgage assignments must be in writing and filed with the counties' recorders of deeds within six months of origination, 21 P.S. §621...." *County of Washington. PA v. U.S. Bank N.A.*, 2012 WL 3860474, at * 2 (W.D. Pa.2012). The Tananas do not raise any argument based upon LSF8's lack of a duly recorded assignment at the time that it filed the instant motion for summary judgment. Compare *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009) (holding that recording of assignment of mortgage was not prerequisite to mortgage assignee's standing to institute mortgage foreclosure action, where assignee averred in its complaint that it was the "legal owner" of the mortgage and the holder of the mortgage's note and was in the process of formalizing the assignment) with *J. P. Morgan Chase Bank. N.A. v. Murray*, 63 A.3d 1258,1263 (Pa. Super. 2013) ("*Mallory* does not stand for the proposition that a party that avers, but never substantiates, its entitlement to prosecute a foreclosure action due to assignment or succession is entitled to judgment thereupon"). and *Wells Fargo Bank. N.A. v. Lupori*, 8 A.3d 919,922(Pa. Super. 2010) (concluding that purported mortgagee lacked standing to prosecute foreclosure action, distinguishing holding in *Mallory*, and finding that "[s]ince the complaint contains no mention of the alleged assignment from [First Franklin Financial] Corporation to Wells Fargo or any allegation that Wells Fargo was the owner of the Lupori's mortgage, the

The mortgage foreclosure complaint alleges that the Tananas' mortgage is in default for non-payment since March 2010, and that a "combined notice under Act 6 and Act 91" was forwarded to the Tananas prior to the commencement of this suit on July 2, 2013. (Docket entry no. 1 at ¶¶ 7-8). The "combined notice under Act 6 and Act 91" is dated October 2, 2012, identifies both the "original lender" and the "current lender/servicer" as HSBC, and advises the Tananas that the "total amount past due" for unpaid principal, interest, late charges and other fees is $126,832.63. (*Id.*, Exhibit E at pp. 1-2, 4-5). The complaint, however, alleges that "[a]s of June 6, 2013, there is due and owing amounts secured by the mortgage in the sum of $474,322.10." (Docket entry no. 1 at ¶ 9). In that regard, it avers that the sum of $474,322.10 "may not include all fees currently due and owing under the

---

complaint does not comply with Rule 1147(a)(1)"). *See also* David R. Greenberg, *Neglected Formalities in the Mortgage Assignment Process and the Resulting Effects on Residential Foreclosures*, 83 Temp. L. Rev. 253 (Fall 2010). It bears noting that on September 9, 2013, counsel for plaintiff filed a "praecipe for voluntary substitution of party plaintiff pursuant to Pa.R.C.P. 2352" which was captioned *Household Mortgage Services. Inc. v. Brandy Tanana and Timothy Tanana,* No. 13 CV 3556, and sought to "substitute VOLT 2012-RPL2 Asset Holdings Trust, as successor plaintiff for the originally named plaintiff." (Docket entry no. 7). To compound matters further, approximately one month later, counsel for plaintiff filed another "praecipe for voluntary substitution of party plaintiff pursuant to Pa.R.C.P. 2352" on October 11, 2013, which bore the caption *VOLT 2012-RPL2 Asset Holdings Trust v. Brandy Tanana and Timothy Tanana,* No. 13 CV 3556, sought to "substitute LSF8 master participation trust, as successor plaintiff for the originally named plaintiff," and averred that "[a]n assignment transferring the mortgage to LSF8 master participation trust is in the process of being recorded in the office of the recorder of deeds for Lackawanna County." (Docket entry no. 8). The summary judgment record is devoid of any documented proof of an assignment from "Household Mortgage Services, Inc." or HSBC Mortgage Services, Inc. to VOLT 2012-RPL2 Asset Holdings Trust, or a subsequent assignment from VOLT 2012-RPL2 Asset Holdings Trust to LSF8.

note and secured by the mortgage, including certain late fees, inspection charges, property preservation expenses, and attorney's fees, since plaintiff has decided to forgo collecting those fees...." (*Id.*).

In their answer to the compliant, the Tananas "specifically deny the principal and mortgage due and unpaid, and the interest in pursuing charges, as asserted in plaintiff's complaint, to be correct." (Docket entry no. 3 at ¶¶7-9). The Tananas maintain that "[s]pecific payments were either not credited or incorrectly credited," and that "other payments by the [Tananas] were rejected." (*Id.*). Furthermore, the Tananas aver "that plaintiff has taken intentional actions to force the default by rejecting payments of the [Tananas] and miscalculating payments that have been made." (*Id.*). Additionally, the Tananas assert that "[t]he notices of intention to foreclose fail to comply with the requirements of Act 6 of 1974,41 Pa.C.S. § 403, in that said Notices were stale" and "failed to contain sufficient information for the [Tananas] to readily calculate the precise amount of monies due and owing to plaintiff in order to avoid sheriff's sale and foreclosure." (*Id.* at ¶14).

LSF8 has filed a motion for summary judgment, and argues that it is entitled to an *in rem* judgment against the Tananas for the principal balance, interest, late charges, counsel fees and costs and "for foreclosure and sale of the mortgaged property." (Docket entry no. 11 at p. 4). Although the complaint that was filed by LSF8's purported assignor specifically alleges that the Tananas' mortgage has been delinquent since "the March 2010 payment and

all payments thereafter," (Docket entry no. 1 at ¶7), LSF8 now contends that there is no genuine issue of material fact that the Tananas' mortgage is due and owing "for the March 1, 2011 payment." (Docket entry no. 11 at ¶¶7, 9). In support of that factual allegation, LSF8 attaches the affidavit of Melinda Girardeau who is identified as a "default service officer of Caliber Home Loans, Inc." (*Id.* at ¶7 & Exhibit B). Ms. Girardeau attests in her affidavit that the amount due for principal balance, accrued interest, insurance and taxes is $481,480.49. (*Id.*, Exhibit B at ¶7).

LSF8's case dispositive motion avers that "[i]n their answer, [the Tananas] effectively admitted all the averments of the complaint as is further explained in Plaintiff's brief." (Docket entry no. 11 at ¶ 13). Citing *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa. Super. 426, 524 A.2d 951 (1987), LSF8 argues in its brief that the Tananas' "answers appear to be general denials or denials improperly based upon conclusions of law," and that those purported "general denials in their answer to the complaint must be considered admissions." (Plaintiff's memorandum of law at p. 5). Notwithstanding the fact that the complaint expressly avers that "plaintiff has decided to forgo collecting" any "late fees, inspection charges, property preservation expenses, and attorney's fees," (Docket entry no. 1 at ¶ 9), LSF8 also seeks the entry of judgment for "its attorney's fees and costs" in its summary judgment motion. (Docket entry no. 11 at ¶ 18). Neither LSF8's motion, nor its supporting brief, quantifies the amount of the counsel fees being sought, and the affidavit of Melinda Girardeau does not include any attorney's fees

and costs in the computation of the aggregate amount allegedly owed by the Tananas. (*Id.* Exhibit B at pp. 2-3).

In opposing LSF8's motion for summary judgment, the Tananas assert that "[t]hroughout this process, [they] have attempted to make payment arrangements to bring the loan absolutely current," but that LSF8 "will not accept any monthly payments or any other type of payment." (Docket entry no. 12 at p. 1). The Tananas submit that there are legitimate disputes regarding the alleged "amount that is outstanding, proper credits in terms of payments, the assessment of attorney's fees and costs...and the Notices that were provide pursuant to Act 6 and Act 91." (*Id.*). Specifically, they argue that "the notices under Act 6 and Act 91 were sent approximately one (1) year before the actual service of the foreclosure complaint," and were "stale" and "by no means gave [the Tananas] the proper idea of what was necessary to bring the account current" at the time that suit was filed. (*Id.* at pp. 2-3). The parties' have stipulated to submit this matter for a decision without the necessity of oral argument, and upon the filing of the Tananas' opposing brief on February 24, 2014, this matter became ripe for disposition.

## II. DISCUSSION

### (A) STANDARD OF REVIEW

"A motion for summary judgment should only be granted if there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Smith v. Township of Richmond*, 82 A.3d 407, 414-415 (Pa. 2013). The party seeking summary

judgment bears the burden of proving the absence of a genuine issue of fact and the movant's entitlement to judgment as a matter of law. *Stimmler v. Chestnut Hill Hospital*, 602 Pa. 539, 554, 981 A.2d 145, 154 (2009). In making that determination, the record must be viewed in the light most favorable to the nonmoving party, with all doubts as to the existence of a genuine issue of material fact being resolved against the movant. *Lance v. Wyeth*, 2014 WL 260309, at * 12 (Pa. 2014); *Kinney-Lindstrom v. Medical Care Availability & Reduction of Error Fund*, 73 A.3d 543, 551 (Pa. 2013).

Summary judgment may be entered in a mortgage foreclosure action "if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998), *app. denied*, 557 Pa. 653, 734 A.2d 861 (1999); *Sovereign Bank v. Gawron*, 13 Pa. D. & C. 5th 71, 77 (Lacka. Co. 2010). Under the *Nanty-Glo* rule enunciated in *Borough of Nanty-Glo v. American Surety Co. of New York*, 309 Pa. 236, 163 A. 523 (1932), the party moving for summary judgment may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact. *Shamis v. Moon*, 81 A.3d 962, 965 (Pa. Super. 2013); *Dearmitt v. New York Life Insurance Company*, 73 A.3d 578, 595 (Pa. Super. 2013). "Our Supreme Court recently cautioned that 'the function of the summary judgment proceedings...is not, and cannot, be used to provide for trial by affidavits or

trial by depositions." *Coleman v. Wyeth Pharmaceuticals, Inc.*, 6 A.3d 502, 509 (Pa. Super. 2010) (quoting *Stimmler*. 602 Pa. at 554, 981 A.2d at 154), *app. denied*, 611 Pa. 638, 24 A.3d 361 (2011). Moreover, summary judgment should only be granted "where the right to such judgment is clear and free from all doubt." *Lynn v. Nationwide Insurance Company*, 70 A.3d 814, 818 (Pa. Super. 2013) (quoting *Toy v. Metropolitan Life Insurance Company*, 593 Pa. 20, 34, 928 A.2d 186,195 (2007)).

## (B) SUFFICIENCY OF BORROWERS' DENIALS

LSF8 first argues that the Tananas have conclusively admitted the lender's allegations that the subject mortgage is in default and that the claimed principal, interest and fees are owed since their responses to the relevant averments of the complaint constitute general denials under Pa.R.C.P. 1029(b). (Plaintiff's brief at pp. 4-5). Rule 1029(b) states that factual "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication," and that except as provided in Rule 1029(e) governing actions for bodily injury, death or property damage, a "general denial...shall have the effect of an admission." Pa.R.C.P. 1029(b). *See also Swift v. Milner*, 371 Pa. Super. 302, 308, 538 A.2d 28, 31 (1988) (stating that since "paragraphs three through ten of appellant's answer merely contain the single word 'Denied'..., these general denials effectively manifested appellant's admission to the facts averred in paragraphs three through ten of appellee's complaint"). In determining whether an answer "is a general denial under 1029(b), the court must examine the pleadings

as a whole," and remain mindful of "the fundamental principle that the plaintiff has the obligation of proving the defendant's liability, and that the defendant does not become liable by failing to deny in exculpating detail the plaintiff's incriminating allegations." *Com. by Preate v. Rainbow Associates. Inc.*, 138 Pa. Cmwlth. 56, 61 & n. 4, 587 A.2d 357, 360 & n. 4 (1991).

As LSF8 has noted in its brief, summary judgment may be entered in a mortgage foreclosure action if the borrowers admit their default under the mortgage and generally aver that they "are without information sufficient to form a belief as to the truth of the lender's averment as to the principal and interest due by virtue of that default, even though the borrowers are clearly "parties who would have sufficient knowledge on which to base a specific denial." *Dietzel*, 361 Pa. Super. at 429, 524 A.2d at 952. Accord *First Wisconsin Trust Company v. Strausser*, 439 Pa. Super. 192, 199-200, 653 A.2d 688,692 (1995). However, if the borrowers admit their original default but further aver that they "have made repeated tenders of the full amount due and owing" and that their "tenders have been refused" by the lender, such a response is tantamount "to a denial 'by necessary implication' of any default" and cannot be considered an admission under Rule 1029(b). *Mellon Bank. N.A. v. Joseph*, 267 Pa. Super. 307,312 & n. 5,406 A.2d 1055, 1057 & n. 5 (1979) (quoting Pa.R.C.P.1029(b)). Therefore, an answer by a borrower in a mortgage foreclosure proceeding, which acknowledges a default but alleges attempted tenders of the amount due, states a valid defense in the foreclosure action. *Id.* at 313,

406 A.2d at 1058 (holding that the borrower's alleged tender of the amount due and owing is "relevant as a defense in the foreclosure action").

Unlike the borrowers in *Dietzel* and *Strausser*, the Tananas have not generally denied the allegations of the complaint, nor have they claimed that they are without information sufficient to form a belief as to the truth or falsity of those allegations. To the contrary, the Tananas specifically deny that the principal and interest alleged to be owed under the mortgage are due and unpaid, and further assert that LSF8's assignor refused to accept the Tananas' payments and failed to properly credit payments that were made. In addition, the Tananas aver that the predecessor lender took "intentional actions to force the default by rejecting payments...and miscalculating payments that have been made."[2] (Docket entry no. 3 at ¶¶ 7-9).

---

2. LSF8 has not claimed that its right to recover in this case is unaffected by the actions of the assignor(s). In previously rejecting such an argument and finding that a mortgage assignee's rights against mortgagors are subject to any affirmative defenses that the mortgagors could assert against the assignor, we reasoned:

Under the law of assignment, the assignee stands in the shoes of the assignor and "succeeds to no greater rights than those possessed by the assignor." *Crawford Central School District v. Com.*, 585 Pa. 131, 137, 888 A.2d 616, 619-620 (2005). "Conversely, an assignee's right against the obligor is subject to all of the limitations of the assignor's right, to all defenses thereto, and to all set-offs and counterclaims which would have been available against the assignor had there been no assignment, provided that these defenses and set-offs are based on facts existing at the time of the assignment." *Smith v. Cumberland Group. Ltd.*, 455 Pa. Super. 276,286, 687 A.2d 1167, 1172 (1997) (citing *Peoples Pittsburgh Trust Company v. Com.*, 359 Pa. 62, 627-28,60 A.2d 53, 56 (1948)). Accord, *American Lumber Corp. v. National R.R. Passenger Corp.*, 886 F.2d 50, 55 (3d Cir. 1989) ("[A]n assignee of a chose of action takes it subject to all defenses...existing at the time of the assignment" (quoting *General Electric Credit Corp. v. Security Bank*, 244 A.2d 920, 923 (D. C. App. 1968))); *E-Time System. Inc. v. Voicestream Wireless Corp.*,

The Tananas' responsive averments cannot be considered admissions under Rule 1029(b). Rather, they qualify as specific denials or denials "by necessary implication" under *Joseph, supra. See* 7 Summ. Pa. Jur. 2d Property § 21:92 (2d. ed) There is no merit to LSF8's contention that the Tananas' responsive averments should be deemed admissions for purposes of summary judgment. Hence, LSF8's request for summary judgment on that basis will be denied.

## (C) BORROWERS' ASSERTION OF COGNIZABLE DEFENSE

"In actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant [1] admits that [s]he had failed to make the payments due and [2] fails to sustain a cognizable defense to the plaintiff's claim." *Gateway Towers Condominium Association v. Krohn,* 845 A.2d 855, 858 (Pa. Super. 2004) (citing *Strausser, supra*). As discussed in Section II(B) above, the Tananas have expressly denied their liability for the principal and interest claimed by LSF8. Moreover, the Tananas have asserted a valid, affirmative defense by maintaining that their tendered payments of the amounts due were rejected by LSF8's assignor who intended "to

---

2002 WL 1917697, at * 9 (E.D. Pa. 2002) ("Importantly, it is a universal and uncontroversial tenet of contract law that an assignee of a claim takes the same subject to all defenses that could validly have been raised by the defendant against the assignor at the time of the assignment.") (citing *North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co.,* 152 U.S. 596 (1894)); Restatement (Second) of Contracts §336(2) ("The right of an assignee is subject to any defense... of the obligor which accrues before the obligor receives notification of the assignment...").

*Gawron,* 13 Pa. D. & C. 5th at 81-82.

force the default by rejecting payments." *See Joseph*, 267 Pa. Super. at 313, 406 A.2d at 1058.

LSF8 is not entitled to summary judgment based upon the affidavit of a "default service officer of Caliber Home Loans, Inc." attesting that $481,480.49 is allegedly due and owing for principal balance, accrued interest, insurance and taxes. "Pennsylvania courts long have disapproved of trial by affidavit." *Murray*, 63 A.3d at 1267. It is well settled in this Commonwealth that "testimonial affidavits of the moving party or [its] witnesses, even if uncontroverted, will not afford sufficient basis for the entry of summary judgment, because the credibility of the testimony is still a matter for the jury." *Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458, 472, 926 A.2d 899, 907 (2007); *Wells Fargo Equipment Finance. Inc. v. Knitney Lines. Inc.*, 2013 WL 5768196, at * 2 n. 2 (Lacka. Co. 2013).

The fact-finder in this case must ultimately determine whether LSF8's assignor attempted to intentionally trigger a default and corresponding acceleration of payments due by affirmatively rejecting mortgage payments that were allegedly tendered by the Tananas. If the fact-finder concludes that the predecessor lender engaged in such conduct, the Tananas may secure a verdict in their favor. *See Joseph, supra.* As a result, LSF8 has not satisfied its burden of establishing the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Accordingly, LSF8's motion for summary judgment will be denied.[3]

---

3. In light of the denial of LSF8's case dispositive motion on that basis, it is unnecessary to address the Tananas' alternate argument that

# ORDER

And now, this 2nd day of April, 2014, upon consideration of "plaintiff's motion for summary judgment" and the exhibits and memoranda of law submitted by the parties,

---

the "combined notice under Act 6 and Act 91" was "stale" and invalid since it was dated nine months prior to the institution of this suit. Section 403 of the Act of January 30, 1974, P.L. 13, No. 6 ("Act 6"), 41 P.S. § 403, and section 403-C of the Act of December 23, 1993, P.L. 385, No. 91 ("Act 91"), 35 P.S. § 1680. 403c, require a lender to notify the borrower of its intent to accelerate the maturity of any mortgage obligation or to commence any legal action to recover that obligation, and to advise the mortgagor of the debtor's right to cure the default and resolve any arrearages in order to avoid foreclosure. *See Fish v. Pennsylvania Housing Finance Agency*, 931 A.2d 764,767 (Pa. Cmwlth. 2007); *Bankers Trust Co. v. Foust*, 424 Pa. Super. 89, 92-93, 621 A.2d 1054, 1056 (1993), *app. denied*, 535 Pa. 635, 631 A.2d 1007 (1993). A federal bankruptcy judge has reasoned that an Act 91 notice, which is not provided to the borrower in the same year that foreclosure litigation is filed, is ineffective. *See In re Miller*, 90 B.R. 762, 769 (Banker E.D. Pa. 1988) ("We therefore conclude that the plaintiff's failure to dispatch an Act 91 notice during the year 1987, in these circumstances, also constituted a meritorious defense to the Complaint, and possibly deprived the state court of jurisdiction to enter the default judgment presently under attack"). But *see Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 553 (Pa. 2013) ("Accordingly, we find the provision of a defective Act 91 notice does not deprive the courts of subject matter jurisdiction, and we remand this case to the trial court"). Former Lackawanna County (now Senior U.S. District) Judge James M. Munley similarly denied a lender's motion for summary judgment on the ground that its statutory notices were "stale" since they were furnished ten months prior to the commencement of suit and "the amount of the alleged default surely changed by that time." *PNC Bank. N.A. v. Bibalo*, No. 95 CV 5491 at p. 7 (Lacka. Co. Apr. 21, 1997). Although not raised by the parties in this case, it is noteworthy that an Act 6 Notice is required only where the principal amount due is $217,873.00 or less, 41 P.S. §§ 101,403, whereas an Act 91 notice is unnecessary if the mortgagor is more than twenty-four months in arrears or the aggregate amount of arrearages due exceeds $60,000.00. 35 P.S. § 1680.403c(f)(1)-(2). According to the complaint, the sum of $126,832.63 was due at the time of the Act 6 notice on October 2, 2012, but $474,322.10 was allegedly owed as of the date that this mortgage foreclosure action was instituted. If, as the complaint alleges, the Tananas have not made a mortgage payment since March 2010, the mortgage was thirty-one months in arrears when the Act 91 notice was furnished. However, if the mortgage is delinquent since March 2011, as asserted in the motion for summary judgment, the mortgage was only nineteen months in arrears as of October 2, 2012.

and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that the motion for summary judgment of plaintiff, LSF8 master participation trust by Caliber Home Loans, Inc., solely in its capacity as servicer, is denied.