406 A.2d 1055

MELLON BANK, N.A.

v.

James H. JOSEPH and Carol H. Joseph

Appeal of James H. JOSEPH.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided June 27, 1979.

308

John R. Friedlander, Pittsburgh, for appellant.

Donald S. Mazzotta, Pittsburgh, for appellees.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

SPAETH, Judge:

■ This is a mortgage foreclosure case. The complaint, filed December 6, 1976, by appellee Mellon Bank, named appellant and his former wife, Carol Joseph, as defendants. The bank got a default judgment against Carol Joseph, but appellee filed an answer, new matter, and three counter-

claims. Upon the bank's preliminary objections, the lower court struck the answer, new matter, and counterclaims, without leave to amend. This appeal followed.[1]

## 1. Appellant's Answer

■ In striking appellant's answer the lower court said, without further elaboration:

The defendant's Answer herein fails to conform with the letter or spirit of Rule 1029.[2] In reviewing the defendant's Answers it has become apparent to this court that the Answers are non-responsive and irrelevant to the issues of fact involved in the case herein. The defendant's Answers do not comply with the demand for clear, concise and summary form and therefore the defendant's Answers must be stricken.

Lower court opinion at 2.

Paragraph 3 of the complaint alleged that appellant's former wife resided at 254 Tremont Avenue in Greensburg, Pa. Appellant answered that after reasonable investigation

1. The lower court's order is appealable because it in effect terminates the action by so restricting appellant as to put him out of court. *Olivieri v. Olivieri*, 242 Pa.Super. 457, 364 A.2d 361 (1976).

2. **Rule 1029** provides:

(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

he was without sufficient information to admit or deny the averment, and said, "If relevant, strict proof thereof is demanded at trial." While the lower court has some discretion in deciding the sufficiency of a pleading, *United Refrigerator Co. v. Applebaum*, 410 Pa. 210, 189 A.2d 253 (1963), we do not know the reason for the court's impatience with this answer. Perhaps the court regarded the answer as dilatory in the sense that it pleaded ignorance of a fact that the pleader must, or should, know. It seems to us, however, that a man might not know where his former wife resided. In any case, given the default judgment against appellant's former wife, the relevance of her residence so far as concerns the action against appellant is not apparent.

Paragraph 5 of the complaint alleged that appellant and his former wife were the record owners of the mortgaged premises. The answer admitted ownership, but it denied that appellant and his former wife constituted all the record owners, stating that appellant's current wife, Barbara S. Joseph, was also a record owner. The bank argues that this answer was insufficient to alert it and the lower court to a matter at issue between the parties, and that the answer failed to allege either the source of Barbara Joseph's interest or where the record of her interest was located. The bank also argues that Barbara Joseph was not an indispensable party to the action, and even if she were, by failing to file preliminary objections, appellant waived any objection to her non-joinder. However, Pa.R.C.P. 1144 [3] requires that record owner be named in a mortgage foreclosure action, and Rule 1032 [4] provides that an objection to failure to join an indispensable party is *not* waived. Appellant's answer

---

**3.** Rule 1144 provides:
   (a) The plaintiff shall name as defendants
         *       *       *       *       *       *
   (3) the real owner of the property, or if he is unknown, the grantee in the last recorded deed.

**4.** Rule 1032 provides:
   A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except
      (1) . . . the defense of failure to join an indispensable party
   . . . ..

thus was not irrelevant. If it was not sufficiently pleaded, the remedy was not to strike the entire answer without leave to amend. In *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 393 A.2d 450 (1978), our Supreme Court has held that where a complaint fails to state a cause of action, it is usually error to dismiss the complaint without leave to amend. While acknowledging that "[t]here may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile," 482 Pa. at 205, 393 A.2d at 451, the Court said that the right to amend "should not be withheld where there is some reasonable possibility that the amendment can be accomplished success-fully [citations omitted]," *id.* The Court rejected the appel-lees' argument, which this court had found dispositive, *Otto v. American Mut. Ins. Co.*, 241 Pa.Super. 423, 361 A.2d 815 (1976), that the appellants had not requested leave to amend.

Paragraph 6 of the complaint alleged that appellant had been in default since August 1, 1976. The answer admitted the default but alleged:

> The averments of the 6th numbered paragraph are denied insofar as they allege or imply that the Defendant, James H. Joseph, has failed and refused to pay in full the mortgage obligation beginning from on or about August 1, 1976 and continuing through August of 1977. On the contrary, however, it is specifically alleged that the De-fendant, James H. Joseph, individually and on behalf of his wife, Barbara S. Joseph, and individually and through his counsel, have made repeated tenders of the full amount due and owing under the aforesaid mortgage obligation, which tenders have been refused by the Plain-tiff, Mellon Bank, N.A.

The bank argues that this answer was insufficient because it failed to inform it and the lower court of what matters were at issue.[5] However, the Act of May 4, 1927, P.L. 710, § 1, 21 P.S. § 733, provides that:

5. The Bank argues that the answer was not a specific denial (and therefore should be considered an admission, Pa.R.C.P. 1029(b)), because it at once admits the default and then goes on to deny it, in

It shall be lawful for any person or persons, natural or artificial, holding lands encumbered by a mortgage, judgment, recognizance, or other security, after the same shall become due and payable, his or their agent, attorney, or terre tenant, to tender to the owner or owners of such mortgage, judgment, recognizance, or other security, the full sum of money due thereon, including interest and any other charges due, and, upon such tender, to require the owner or owners to assign and transfer to such person or persons as the owner of the encumbered property may name, such mortgage, judgment, recognizance, or other security. Such assignment shall create no personal liability on the part of the assignor, by way of implied warranty, or otherwise, and any such assignment shall be without recourse.

We see no reason why appellant's alleged tender of the amount of the mortgage is not relevant as a defense in the foreclosure action. Possibly tender should have been pleaded as an affirmative defense, under new matter; if so, this error is not substantive. *Lachner v. Swanson*, 251 Pa.Super. 561, 380 A.2d 922 (1977). The allegation of tender does appear insufficiently specific, in particular as regards the

language the bank argues is insufficient. However, Rule 1029 allows denials "by necessary implication." In *Cercone v. Cercone*, 254 Pa.Super. 381, 386 A.2d 1 (1978), this court held that a court should look to the answer as a whole in order to determine whether factual allegations have been admitted or denied. *See also Kappe Associates, Inc. v. Aetna Cas. & Sur. Co.*, 234 Pa.Super. 627, 341 A.2d 516 (1975). Doing that here, we hold that appellant's allegation of "repeated tender of the full amount due and owing" amounted to a denial "by necessary implication" of any default.

At this point we must express our sense that in the transactions at issue something is going on below the surface. If indeed appellant did tender the full amount due and owing, we admit to being baffled as to why the bank should refuse to accept the tender. Appellant in his counterclaims alleged that the bank was in conspiracy with his former wife, Carol Joseph. This seems unlikely. Possibly—if, again, appellant did indeed make a tender—the bank believed that the consent of Carol Joseph was necessary. In *Fitzpatrick v. Influential Building and Loan Ass'n*, 36 Pa.D.&C. 206 (1940), it was held that lack of consent at the time of tender was not an adequate reason for a mortgagee to refuse to assign the mortgage. In any case, pleadings being as they now are, we needn't consider these matters further.

amount offered and the date of tender. Again, however, appellant should have been given leave to amend, to make the allegation more specific.

Finally, paragraph 7 of the complaint alleged an amount due, and broke the amount down into principal, escrow deficiency, late charges, interest, and attorney's fee. Appellant answered that after reasonable investigation, he was without sufficient information to admit or deny the averments. The bank argues that this allegation of ignorance is unsupportable for several reasons: because appellant pleaded that he had tendered the full amount, and therefore must know it; because appellant is an attorney who "negotiated, executed and made [the] payments," Brief for Appellee at 5; and because a reasonable investigation would have disclosed the amount due. It is true that a defendant may not rely on Rule 1029(c)(1) to excuse a failure to make a specific denial when it is clear that he must know whether a particular allegation is true or false. *Scales v. Sheffield Fabricating & Machine Co.*, 258 Pa.Super. 568, 393 A.2d 680 (1978); *Cercone v. Cercone, supra.* Here, however, without amortization tables, a mortgagor—even an attorney—is not likely to know the exact amount of principal due. Late charges, escrow payments, interest, and attorney's fees could well be similarly beyond the mortgagor's knowledge; they will in any event be better known to the mortgagee. The mere fact, if it be a fact, that appellant tendered a certain amount should not bind him in court; his cooperation was as likely to have been based on a desire to settle the matter, as on the knowledge of the correctness of the figures.

In short, we find no such flouting of Rule 1029 as the lower court apparently did. Appellant's answers were relevant and if inartfully pleaded, should have been subject to amendment. *Otto v. American Mut. Ins. Co., supra; see Medusa Portland Cement Co. v. Marion Coal & Supply Co.*, 204 Pa.Super. 5, 201 A.2d 285 (1974).

## 2. Appellant's New Matter

Appellant's new matter alleged that the bank "failed to comply with all of the requirements of the Act of January 30, 1974 respecting the foreclosure of or enforcement of obligations secured by real property . . . ." We agree that this allegation was insufficiently specific, but for the reasons just discussed, appellant should have been permitted to amend it. *Otto v. American Mut. Ins. Co., supra.*

## 3. Appellant's Counterclaims

Only two of appellant's three counterclaims are subjects of this appeal, one of them having been abandoned below. Brief for Appellant at 10. In one of the two remaining counterclaims, appellant alleged that the bank had refused his tender of the mortgage obligation and his demand for assignment of the mortgage. Appellant asked the lower court to compel the assignment and to award damages for the bank's refusal. The compelled assignment would have been by virtue of the Act of May 4, 1927, P.L. 710, § 2, 21 P.S. § 734, which provides:

In case the holder of any such mortgage, judgment, recognizance, or other security, shall fail or refuse, on such tender being made, to execute an assignment or transfer as required, it shall be the duty of the court of common pleas of the county in which said mortgage, judgment, recognizance, or security is entered, or of the county in which the holder thereof resides, such court sitting in equity, to enforce, by decree and attachment, such assignment and transfer, and to order that the interest due on such mortgage, judgment, or recognizance, or other security shall cease from the day of such tender until the assignment shall be executed and delivered. The court shall also make such further decree as to costs as justice and equity may require. No such decree shall be entered unless it shall appear to the court that all parties holding any interest in the lands so encumbered have joined in the application for the assignment of such mortgage, judgment, recognizance, or security.

In the second of the two remaining counterclaims, appellant alleged that he had asked that the bank "cause a writ of execution to be issued on its default judgment against the Defendant, Carol H. Joseph, and that her undivided one-half interest in said property be exposed to judicial sale," para. 17 of complaint, but that the bank had refused, para. 19 of complaint. Appellant asked the lower court for a stay of the foreclosure until such a sale, and for damages stemming from the bank's refusal. The basis for this demand was the Act of April 22, 1856, P.L. 532, § 9, 12 P.S. § 808, which provides:

> Whensoever the real estate of several persons shall be subject to the lien of any judgment to which they should by law or equity contribute, or to which one should have subrogation against another or others, it shall be lawful for any one having right to have contribution or subrogation, in case of payment, upon suggestion by affidavit and proof of the facts necessary to establish such right, to obtain a rule on the plaintiff, to show cause why he should not levy upon and make sale of the real estate liable to execution for the payment of said judgment, in the proportion or in the succession in which the properties of the several owners shall in law or equity be liable to contribute towards the discharge of the common incumbrance, otherwise upon the payment of such judgment to assign the same for such uses as the court may direct; and the court shall have power to direct to what uses the said judgment shall be assigned, and when assigned, direct all executions thereupon, so as to subserve the rights and equities of all parties whose real estate shall be liable thereto; and if the plaintiff shall refuse to accept his debt and make such assignment of his judgment, the executions thereupon in the hands of the plaintiff shall be so controlled and directed by the court as to subserve said rights and equities.

The lower court struck appellant's counterclaims because they were not part of the mortgage transaction.

■ Counterclaims in mortgage foreclosure actions are governed by Pa.R.C.P. 1148, which provides:

A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.

Under this rule,

> The claim must now arise, in some manner, *from the mortgage relationship.* A counterclaim could be filed, for example, for damages for breach of warranty of title to the mortgaged premises [*cf. Wacker v. Straub,* 88 Pa. 32 (1878)]. Also, it has been held that defendant may counterclaim for the balance due from plaintiff on a construction contract in connection with which the mortgage was given [*Genel v. Vacca,* 39 Del.Co.Rep. 191 (1952)]. On the other hand, a counterclaim could not be filed for professional services rendered by the mortgagor to the mortgagee, at least if unrelated to the mortgage [*cf. Bechtel v. Green,* 17 Berks Co. L.J. 41 (1924)]. 3 Goodrich-Amram 2d § 1148:1 at 488 (emphasis supplied).

Here, the counterclaims appellant seeks to assert are remedial; they arose once the mortgage was in default, but were not part of, or incident to, the creation of the mortgage itself.[6] *See Cumberland County Nat'l Bank & Trust Co. v. Wells,* 26 Cumb. 46 (1975) (disallowing counterclaim in tort based on emotional distress suffered when bank publicly refused to accept payments intended to bring mortgage up to date).

The lower court's order striking these counterclaims is consistent with our decision in *Signal Consumer Discount Co. v. Babuscio,* 257 Pa.Super. 101, 390 A.2d 266 (1978), in which we read the mortgage foreclosure rules narrowly, to bar a claim by the defendants against a third party to enforce a personal liability. The fact that the defendants could have sued in assumpsit and requested that the foreclo-

---

6. Indeed, in the counterclaim based on the refusal of the bank to make an assignment, appellant is not counterclaiming in his status as a party to the mortgage agreement, but in his status as the owner of the land.

sure and assumpsit actions be combined for trial, Pa.R.C.P. 213, did not dictate a different result.[7]

The lower court's order striking appellant's counterclaims is affirmed; otherwise the lower court's order is reversed and the case is remanded for proceedings consistent with this opinion.

7. We leave undecided the question of whether appellant could have requested consolidation. The right to an assignment of a mortgage under § 734 is to be enforced by the court sitting in equity, not at law. This was one reason the lower court gave for its order. Another reason was that the consent of appellant's former wife, Carol Joseph, was not alleged (it does not appear that such consent would be forthcoming).