**Wells Fargo Bank v. Jenkins**

*Amy H. Marshall* and *Mary L. Harbert-Bell,* for plaintiff.

*Florence Q. Jenkins,* pro se.

KISTLER, *J.,* March 10, 2009—Presently before this court is the motion for summary judgment filed by Wells Fargo Bank (plaintiff) against Florence Q. Jenkins (defendant). For the following reasons, plaintiff's motion is denied.

## DISCUSSION

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Co.,* 916 A.2d 642, 645 (Pa. Super. 2007).

Having reviewed the record, the court determines that plaintiff has failed to demonstrate that no genuine issue of material fact exists. The court makes this determination upon review of Pa.R.C.P. 1147. This rule governs the requirements that a plaintiff must set forth in the complaint for an action of mortgage foreclosure. In pertinent part, Pa.R.C.P. 1147(a)(5) requires that the plain-

tiff set forth in the complaint, "an itemized statement of the amount due." Plaintiff alleges in paragraph 8 of the complaint, the following with respect to this requirement:

"The following amounts are due on the mortgage and note:

| | |
|---|---|
| "Balance of Principle | $ 160,816.82 |
| "Accrued by unpaid interest from 11/1/06 to 10/29/07 @ 13.950% per annum ($62.32 per diem) | $ 22,622.16 |
| "Accrued late charges | $ 1,368.96 |
| "Title search fees | $ 350.00 |
| "Reasonable attorney's fees | $ 1,250.00 |
| "Total as of 10/29/07 | $ 186,407.94 |

"Plus, the following amounts accrued after October 29, 2007:

"Interest at the rate of 13.950 per cent per annum (62.32 per diem);

"Late Charges of $114.08 per month."

Plaintiff argues that although defendant purports to deny the above mentioned paragraph of the complaint, defendant admits all other material facts of the complaint. This includes admitting the existence of the loan, failure to make payments over an extended period of time and admitting that she is in default of the mortgage. Therefore, plaintiff argues, the defendant's denial of the amount due is a "bald, unsupported assertion of conclusion ac-

cusations which cannot create genuine issues of material fact."

This court does not agree. In *Mellon Bank N.A. v. Joseph,* 267 Pa. Super. 307, 406 A.2d 1055 (1979), our Superior Court rejected a nearly identical argument to the one plaintiff now brings before this court. The following portion of the *Mellon Bank* decision effectively describes why plaintiff's motion for summary judgment must fail:

"Finally, paragraph 7 of the complaint alleged an amount due, and broke the amount down into principal, escrow deficiency, late charges, interest, and attorney's fee. Appellant answered that after reasonable investigation, he was without sufficient information to admit or deny the averments. The bank argues that this allegation of ignorance is unsupportable for several reasons: because appellant pleaded that he had tendered the full amount, and therefore must know it; because appellant is an attorney who 'negotiated, executed and made (the) payments,' brief for appellee at 5; and because a reasonable investigation would have disclosed the amount due. It is true that a defendant may not rely on Rule 1029(c)(1) to excuse a failure to make a specific denial when it is clear that he must know whether a particular allegation is true or false. *Scales v. Sheffield Fabricating & Machine Co.,* 258 Pa. Super. 568, 393 A.2d 680 (1978); *Cercone v. Cercone,* [254 Pa. Super. 381, 386 A.2d 1 (1978)]. Here, however, without amortization tables, a mortgagor—even an attorney—is not likely to know the exact amount of principal due. Late charges, escrow payments, interest, and attorney's fees could well be similarly beyond the mortgagor's knowledge; they will in any event

be better known to the mortgagee. The mere fact, if it be a fact, that appellant tendered a certain amount should not bind him in court; his cooperation was as likely to have been based on a desire to settle the matter, as on the knowledge of the correctness of the figures." *Mellon Bank N.A. v. Joseph,* 267 Pa. Super. 307, 314, 406 A.2d 1055, 1058 (1979).

The information provided by plaintiff in its complaint is nearly identical to the information provided by the plaintiff in *Mellon Bank.* Where a defendant avers in good faith that he is without knowledge or information sufficient to form a belief regarding the amount due, penalties and additional fees alleged by a mortgagee, this court will not find that a defendant possesses this knowledge by simply admitting that he is in default of the mortgage. The Superior Court offers sage advice regarding what information a lender should provide in order to prevail on a motion for summary judgment.

Accordingly, plaintiff's motion for summary judgment is denied as the court finds there exists a genuine issue of material fact relating to the amount due, the interest and additional fees associated with the mortgage foreclosure.

## ORDER

And now, March 10, 2009, plaintiff's motion for summary judgment is hereby denied.