**LaSalle Bank v. Lykens**

*Courtenay R. Dunn,* for plaintiff.
*David D. Engle,* for defendants.

RUEST, *J.,* July 14, 2009—Presently before the court is plaintiff's motion for summary judgment. Oral argument was held on May 6, 2009. Both parties submitted briefs. Upon consideration of the briefs, arguments, and the relevant case law, the court determines plaintiff's motion is denied.

## FACTUAL BACKGROUND

On December 9, 2002, defendants executed a mortgage in favor of Peoples Choice Home Loan Inc. The mortgage was recorded in the Office of the Recorder of Deeds of Centre County in mortgage book 1457, page 732. The mortgage was assigned to plaintiff, LaSalle Bank N.A., as trustee for structured asset investment loan trust series 2003-BC2 on December 16, 2002, and recorded on August 13, 2004 in book 1728, page 49.

The real property subject to the mortgage is 612 Benjamin Court, State College, Centre County, Pennsylvania, 16803.

## PROCEDURAL HISTORY

Plaintiff initiated this cause of action by filing a complaint on November 25, 2008. Defendants filed an answer to the complaint and new matter on December 23, 2008. Plaintiff filed a motion for summary judgment on March 20, 2009.

## DISCUSSION

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Company*, 916 A.2d 642, 645 (Pa. Super. 2007).

Pennsylvania Rule of Civil Procedure 1147(a)(5) requires that plaintiff set forth in the complaint "an itemized statement of the amount due." Plaintiff maintains paragraph six of the complaint meets this requirement. Defendants maintain paragraph six contains insufficient detail to meet the requirements of Rule 1147(a)(5) and to allow defendants to properly respond.

The information provided and the facts averred in plaintiff's complaint generally, and in the itemized amounts due paragraph specifically, are substantially the same as that provided by the plaintiff in *Mellon Bank N.A. v. Joseph,* 267 Pa. Super. 307, 406 A.2d 1055 (1979). In *Mellon Bank,* a defendant averred he was without knowledge or information sufficient to form a belief regarding the amount due on the mortgage. The *Mellon* court agreed, noting that "a mortgagor . . . is not likely to know the exact amount . . . due." *Mellon, supra* at 314, 470 A.2d at 1058. This court concurs with Judge Kistler in the *Jenkins* case: "Where a defendant avers in good faith that he is without knowledge or information sufficient to form a belief regarding the amount due, penalties and additional fees alleged by a mortgagee, the court will not find that a defendant possesses this knowledge by simply admitting that he is in default of the mortgage." *Wells Fargo Bank N.A. v. Jenkins* (C.P. Centre 2009).

Plaintiff further argues defendants' lack of specific, detailed responses to plaintiff's specific averments of defaults constitutes an admission of the default and amounts due and owing upon the mortgage. *New York Guardian Mortgage Corporation v. Dietzel,* 362 Pa. Super. 426, 524 A.2d 951 (1987). Defendants' denials are not, however, so overly broad or general as to not meet the requirements of Pa.R.C.P. 1029. Defendants specifically deny the claimed monthly escrow amount and the claimed interest amount, and generally deny the balance due because they claim they cannot calculate the correct balance based on the information provided by plaintiff in its filings.

"It is true that a defendant [cannot] rely on Rule 1029(c)(1) to excuse a failure to make a specific denial where it is clear that he must know whether a particular allegation is true or false." *Mellon Bank, supra* at 314, 406 A.2d at 1058; *Cercone v. Cercone,* 254 Pa. Super. 381, 386 A.2d 1 (1978). In the case at bar, however, without amortization tables and other similar documentation, a mortgagor cannot know the exact amount of principal due. It is the plaintiff, not the defendants, who is in the best position to know the details of the mortgage, and this court will not require such knowledge of these defendants.

The burden is on the moving party to demonstrate that there are no genuine issues of material facts as to a necessary element of the cause of action or defense which could be established by additional discovery or expert reports. When a plaintiff seeks summary judgment and "there has been a Rule 1029(c) denial as to the amount owed . . . , the plaintiff must come forward with documentary support for the calculation of the amount which the plaintiff claims is due. In so doing, plaintiff can demonstrate that additional discovery would not establish a genuine issue as to the fact of what is owed to the lender. The failure to offer full, complete and self-explanatory documentation of the amounts claimed to be owing to the lender will almost always be fatal to the lender's efforts to obtain a summary adjudication of its rights." *Bank of New York v. Pytlak* (C.P. Allegheny 1999).

The court finds this analysis from Allegheny County persuasive. The court will not require a defendant in a mortgage foreclosure case to have knowledge beyond

that which a defendant in such a case could rightly have. That individual mortgagors know exactly what they owe at any time, and that their payments are in the correct amounts, is more a matter of faith in the bank to which they make their payments than it is reflective of any actual personal knowledge.

Accordingly the following is entered:

## ORDER

And now, July 14, 2009, plaintiff's motion for summary judgment is denied.