J-S07018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREEN TREE SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARYN KERNS AND STEWART | : | |
| CRAWFORD | : | |
| | : | |
| Appellants | : | No. 2033 EDA 2018 |

Appeal from the Order Entered June 5, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 14-003867

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.: Filed: March 23, 2020

Appellants, Karyn Kerns and Stewart Crawford, appeal from the order entered in the Delaware County Court of Common Pleas, which granted summary judgment in favor of Appellee, Green Tree Servicing, LLC ("Green Tree")[1] in this mortgage foreclosure action. We affirm.

The relevant facts and procedural history of this case are as follows:

> The initial complaint in this proceeding was filed on April 28, 2014. … [Appellants] executed a mortgage on May 19, 2004, which was properly recorded in the office of the Recorder of Deeds in Delaware County. The mortgage identified the lender as America's Wholesale Lender and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] During the course of this litigation, Green Tree changed its name to Ditech Financial, LLC. For ease of discussion, however, we will continue to use the name Green Tree throughout this memorandum.

identified "MERS" Mortgage Electronic Registration Systems, Inc., as acting nominee for lender and its successors and assigns as the mortgagee under the security agreement. The borrowers were identified as [Appellants] and their signatures appear on Page 15 of the mortgage. The Complaint averred that Green Tree was assigned the mortgage on June 12, 2013 from Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender. That assignment was also properly recorded in Delaware County Recorder of Deeds office. The Complaint averred that only [Appellant Crawford] executed the note on May 19, 2004 in the original [principal] amount of $180,000.00. The Complaint averred that interest, accumulated late charges, escrow, costs of suit and attorney's fees had been incurred since the default. Finally, the Complaint averred that proper notice of intention to foreclosure ("Act 6 Notice") 41 P.S. § 403 and notice of homeowner's emergency mortgage assistance ("Act 91 Notice") 35 P.S. § 1680.403(c) had been forwarded to [Appellants].

[Appellants] filed a series of Preliminary Objections in response to the Complaint. [Appellant Crawford] was admitted on May 22, 2006 to the Bar of the Commonwealth of Pennsylvania. On June 16, 2014, he filed, on behalf of [Appellant Kerns], now known as Karen M. Crawford, Preliminary Objections. On July 9, 2014, [Appellant Crawford] filed Preliminary Objections on his own behalf, and then on July 17, 2014 he filed amended/supplemental Preliminary Objections on behalf of [Appellant Kerns]. Green Tree answered the Preliminary Objections on July 7, 2014, and answered the amended Preliminary Objections on September 15, 2014. The Honorable Christine Fizzano Cannon, former Judge of the Court of Common Pleas of Delaware County, entered an order overruling the Preliminary Objections on October 16, 2014. [Appellants] then filed an Answer to the Complaint with New Matter and Counterclaim on November 7, 2014. [Appellants] asserted 103 averments in new matter, and pled twelve (12) counts in [their] counterclaim which included a Dragonetti claim, breach of contract, breach of good faith and fair dealing, consumer trade violations, recording law violations, criminal law violations, collection practice law violations, RESPA

violations, misrepresentation/fraud, unjust enrichment, "RICOH," corruption and negligence.

Green Tree responded through the Preliminary Objections. On March 11, 2015, Judge Fizzano Cannon sustained the Preliminary Objections and struck all counterclaims due to lack of specificity in failing to provide the material facts on which each of the counterclaims were based. The order was entered without prejudice to [Appellants] to file amended counterclaims within twenty (20) days of the Order. [Appellants] did not file any amended counterclaim. The case was formally assigned to Judge Fizzano Cannon in May 2015, and the initial scheduling order to the parties placed the proceeding on her trial term commencing September 8, 2015. Green Tree filed a Motion for Summary Judgment on July 17, 2015 which was answered on August 27th by [Appellants]. By order dated September 14, 2015, the Summary Judgment Motion was denied and trial was scheduled for September 29, 2015. The September 14th Order further provided that [Appellants] had raised before the [c]ourt the issue that Green Tree had failed to respond to their new matter. The [c]ourt noted that new matter was not stricken in the March 11, 2015 Order and that [Appellants were] granted leave to raise at trial objection to evidence offered by Green Tree in defense to a pleading that remained unanswered.

The dockets next reflect that four Motions *in Limine* were filed by [Appellants] and Green Tree responded with Objections based on untimeliness and in violation of the [c]ourt's scheduling Order. On October 7, 2015, Judge Fizzano Cannon entered an Order which granted Green Tree's Oral Motion for Leave of Court to Answer [Appellants'] New Matter *nunc pro tunc*. Both parties were also granted leave of [c]ourt to conduct discovery and a date certain for trial was established for February 22, 2016. The [c]ourt noted in Paragraph Six that the Motions *in Limine* were denied without prejudice to raise any evidentiary issues at trial. On December 30, 2015, [Appellants] filed a Motion to Deem the Request for Admissions Admitted or Motion to Compel Sufficient Responses. Green Tree filed a Motion for Summary Judgment and [Appellants] also filed a Motion for Partial Summary Judgment on January 5, 2016. After argument, Judge Fizzano Cannon on April 8, 2016 denied

each party's Motion for Summary Judgment. On April 13, 2016, the [c]ourt granted in part and denied in part [Appellants'] Motion to Compel and instructed Green Tree to file sufficient answers within twenty (20) days of the Court Order.

Green Tree, on April 27, 2016, filed a Petition for an Order of Corrected Foreclosure Notice. [Appellants] had raised a challenge to the notices attached to the Complaint because, although the document properly identified the parties and the default amount, the notice referenced a property at a different address. On August 23, 2016, Judge Fizzano Cannon granted Green Tree leave of [c]ourt to serve a corrected foreclosure notice and instructed Green Tree to file an amended complaint thereafter. The order also provided that upon receipt of the amended complaint, the [c]ourt would issue a revised Scheduling Order. [Appellants] filed, on September 13, 2006, a Motion for an Entry of an Order pursuant to Rule 237.1 (i.e. non-prosecution) which Green Tree timely answered. Judge Fizzano Cannon conducted argument and on October 24, 2016 denied [Appellants'] Motion. The amended complaint was filed on March 13, 2017. [Appellants] filed Preliminary Objections on April 3, 2017. Judge Fizzano Cannon overruled the Preliminary Objections on April 27, 2017. [Appellants], on June 26, 2017, filed an Answer with New Matter and Counterclaim to the Complaint. [Appellants] pleaded 442 averments in new matter. [Appellants] also included thirteen (13) counts in the counterclaim, which mostly mirrored the initial counterclaim but now included a claim for violation of loan interest and protection law/usury. [Green Tree] filed Preliminary Objections to the New Matter and Counterclaim. [Appellants] answered on November 13, 2017. Judge Fizzano Cannon sustained [Green Tree's] Preliminary Objections and struck the Counterclaims from the record. [Green Tree's] Preliminary Objections to New Matter were overruled. [Green Tree] was instructed to answer the New Matter and a non-jury trial was placed on the [c]ourt's January 29, 2018 term. Judge Fizzano Cannon was elected to the Commonwealth Court of Pennsylvania and commenced her position with that [c]ourt on January 1, 2018. [The Honorable Chad F. Kenney] was assigned Judge Fizzano Cannon's inventory and on February 13, 2018, an order was entered that a status hearing would be conducted

- 4 -

on March 22, 2018 as part of the call of the list. On March 20, 2018, [Green Tree] filed a Motion for Summary Judgment. On May 7, 2018, [Appellants] answered the motion. On June 5, 2018,[2] this [c]ourt entered an order granting [Green Tree's] Motion for Summary Judgment and entered an *in rem* judgment against [Appellants] in the amount of $229,610.38.

(Trial Court Opinion, filed August 24, 2018, at 1-5) (internal citations omitted). Appellants timely filed a notice of appeal on July 6, 2018. The court ordered Appellants on July 10, 2018, to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellants filed their Rule 1925(b) statement on July 30, 2018.

On March 27, 2019, Green Tree filed a notice of bankruptcy, and on April 4, 2019, this Court stayed the appeal. Green Tree filed an application to lift the stay on November 22, 2019. The application also noted that Appellant Crawford, who was representing himself and Appellant Kerns, is now deceased. On January 7, 2020, this Court entered an order indicating the appeal could be listed on the next available panel and requesting Appellant Kerns to file a response indicating whether she had retained new counsel. New counsel entered his appearance on behalf of Appellant Kerns on January 17, 2020, and this Court entered an order lifting the stay on the same day.[3]

---

[2] The certified docket entries confirm that Pa.R.C.P. 236 notice was not sent to the parties until June 6, 2018.

[3] Appellant Kerns did not respond to this Court's inquiry regarding whether a personal representative of Appellant Crawford would be substituted as a party.

Appellants raise the following issues for our review:

> WHETHER THE COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION GIVEN THAT THE COURT: (1) APPEARS TO HAVE NOT READ [APPELLANTS'] FIFTY PAGE RESPONSE IN OPPOSITION TO [GREEN TREE'S] THIRD MOTION FOR SUMMARY JUDGMENT; (2) FAILED TO ADDRESS ANY OF THE MULTIPLICITY OF VALID DEFENSES RAISED BY [APPELLANTS] ON SUMMARY JUDGMENT; (3) DELVED INTO THE REALM OF THE TRIER OF FACT BY (LITERALLY) WEIGHING EVIDENCE AND ERRONEOUSLY OVERLOOKING EXHIBITS PLACED ON THE RECORD; (4) VIOLATED THE COORDINATE JURISDICTION RULE; (5) LACKED JURISDICTION DUE TO THE FAILURE OF [GREEN TREE] TO JOIN INDISPENSABLE PARTIES; (6) DID NOT HOLD ANY FORM OF HEARING WITH RESPECT TO THE SUMMARY JUDGMENT; [AND] (7) DEPRIVED [APPELLANTS] OF A RIGHT TO TRIAL[.]

> WHETHER EARLIER DECISIONS OF THE COURT WERE LIKEWISE REVERSIBLE ERROR AND/OR ABUSE OF DISCRETION INCLUDING THE: [(1)] DISMISSAL OF [APPELLANTS'] COUNTERCLAIMS FILED PURSUANT TO PA.R.C.P. 1148; [(2)] FAILURE TO RULE UPON THE PRIOR FILED MOTIONS *IN LIMINE*; [(3)] DENIAL OF [APPELLANTS'] SEPTEMBER 13, 2016 MOTION FOR NON-PROSECUTION; [(4)] GRANTING OF [GREEN TREE'S] ORAL MOTION TO REOPEN THE PLEADINGS AND FILE A REPLY TO NEW MATTER (ON THE DAY OF THE FIRST SCHEDULED TRIAL IN 2015); [(5)] FAILURE TO CONDUCT AN INQUIRY INTO THE CHAIN OF TITLE ONCE THE PRESUMPTION OF OWNERSHIP HAD BEEN REBUTTED; [(6)] ALLOWING [GREEN TREE] TO EXPAND UPON THE AMENDED COMPLAINT, BEYOND WHAT WAS EXPRESSLY AUTHORIZED BY ORDER; [(7)] FAILURE TO DISMISS THE ACTION BASED ON THE ACT 91 DEFECTS; [AND (8)] ALLOWANCE OF [GREEN TREE] TO SPLIT THE NOTE FROM THE SECURITY INSTRUMENTS[.]

(Appellants' Brief at 4-5).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an

error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super.

2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal

citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa.

407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct.

2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary

judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the

cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

Initially, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. When an appellant fails to raise or develop her issues on appeal properly, or where her brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite authority to support contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, appellant hampers this Court's review and risks waiver).

Instantly, Appellants raise two issues on appeal which contain a total of

fifteen subparts. In their appellate brief, however, Appellants seemingly address only five of these subparts: subparts four and five of issue one and subparts one, five, and eight of issue two. Appellants' failure to develop their other ten subparts on appeal with cogent argument prevents meaningful review of their claims and constitutes waiver of those issues. ***See Butler, supra***.

With respect to the five arguments Appellants preserved, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Chad F. Kenney, we conclude these issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those claims. (***See*** Trial Court Opinion, filed August 24, 2018, at 6-13) (finding: court rejected Green Tree's first two summary judgment motions because Appellants raised questions regarding authenticity or status of pleadings; Green Tree's amended complaint responded satisfactorily to all prior court inquiry such that no material factual disputes remained; prior case law has rejected Appellants' demands for other parties, such as Fannie Mae, to be joined in this proceeding; Appellants' counterclaims were improper because rules of civil procedure limit counterclaims to those that are part of or incident to creation of mortgage; Pa.R.C.P. 1148 does not allow defendants of *in rem* mortgage foreclosure proceeding to pursue action *in personam* for money damages via counterclaim; current trial jurist found no errors in prior jurist's orders entered between October 17, 2014 and

November 14, 2017; court's review of record established no error in creation, recording, assigning, and noticing of mortgage and note; Appellants failed to establish any legitimate defense). The record supports the court's decision; therefore, we see no reason to disturb it. **See Chenot, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/20

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

DITECH FINANCIAL, LLC : No.: 2014-003867
F/K/A GREEN TREE SERVICING, LLC :
:
v. :
:
:
STEWART C. CRAWFORD, JR.; :
KARYN M. KERNS; and UNITED :
STATES OF AMERICA :

## OPINION

On June 5, 2018, this Court entered an Order granting the Motion of Plaintiff,

Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") for Summary Judgment

in favor of Ditech and against Defendants, Stewart C. Crawford, Jr. and Karyn M. Kerns

and entering an in-rem judgment in mortgage foreclosure in the amount of

$229,610.38. Crawford and Kerns have timely appealed.

The initial complaint in this proceeding was filed on April 28, 2014. Plaintiff was

then identified as Green Tree Servicing, LLC ("Green Tree")(Paragraph One of

complaint). Crawford and Kerns executed a mortgage on May 19, 2004, which was

properly recorded in the office of the Recorder of Deeds in Delaware County

(Paragraph Three of complaint). The mortgage identified the lender as America's

Wholesale Lender and identified "MERS" Mortgage Electronic Registration Systems,

Inc., as acting nominee for lender and its successors and assigns and as the mortgagee

under the security agreement (Exhibit A to complaint, Paragraphs C and D). The

borrowers were identified as Stewart C. Crawford, Jr. and Karyn M. Kerns and their

signatures appear on Page 15 of the mortgage (Exhibit A to Complaint). The Complaint

averred that Green Tree was assigned the mortgage on June 12, 2013 from Mortgage

1

Electronic Registration Systems, Inc. as nominee for America's-Wholesale Lender (Exhibit B to complaint). That assignment was also properly recorded in Delaware County Recorder of Deeds office (Paragraph Three of Complaint). The Complaint averred that only Stewart C. Crawford, Jr. executed the note on May 19, 2004 in the original principal amount of $180,000.00 (Paragraph Four of Complaint and Exhibit C). The Complaint averred that interest, accumulated late charges, escrow, costs of suit and attorney's fees had been incurred since the default (Paragraph Seven of Complaint). Finally, the Complaint averred that proper notice of intention to foreclose ("Act 6 Notice") 41 P.S. §403 and notice of homeowner's emergency mortgage assistance ("Act 91 Notice") 35 P.S. §1680.403(c) had been forwarded to Crawford and Kerns.

Crawford and Kerns filed a series of Preliminary Objections in response to the Complaint. Defendant, Stewart C. Crawford, Jr. was admitted on May 22, 2006 to the Bar of the Commonwealth of Pennsylvania. On June 16, 2014, he filed, on behalf of Karyn M. Kerns, now known as Karen M. Crawford, Preliminary Objections. On July 9, 2014, Crawford filed Preliminary Objections on his own behalf, and then on July 17, 2014 he filed amended/supplemental Preliminary Objections on behalf of Kerns. Green Tree answered the Preliminary Objections on July 7, 2014, and answered the amended Preliminary Objections on September 15, 2014. The Honorable Christine Fizzano Cannon, former Judge of the Court of Common Pleas of Delaware County, entered an order overruling the Preliminary Objections on October 16, 2014. Crawford then filed an Answer to the Complaint with New Matter and Counterclaim on November 7, 2014. Crawford asserted 103 averments in new matter, and pled twelve (12) counts in his

2

counterclaim which included a Dragonetti claim, breach of contract, breach of good faith and fair dealing, consumer trade violations, recording law violations, criminal law violations, collection practice law violations, RESPA violations, misrepresentation/fraud, unjust enrichment, "RICOH", corruption and negligence.

Green Tree responded through the Preliminary Objections. On March 11, 2015, Judge Fizzano Cannon sustained the Preliminary Objections and struck all counter-claims due to lack of specificity in failing to provide the material facts on which each of the counterclaims were based. The order was entered without prejudice to Crawford to file amended counter-claims within twenty (20) days of the Order. Crawford did not file any amended counter-claim. The case was formally assigned to Judge Fizzano Cannon in May, 2015 and the initial scheduling order to the parties placed the proceeding on her trial term commencing September 8, 2015. Green Tree filed a Motion for Summary Judgment on July 17, 2015 which was answered on August 27th by Crawford. By order dated September 14, 2015, the Summary Judgment Motion was denied and trial was scheduled for September 29, 2015. The September 14th Order further provided that Crawford had raised before the Court the issue that Green Tree had failed to respond to their new matter. The Court noted that new matter was not stricken in the March 11, 2015 Order and that Crawford was granted leave to raise at trial objection to evidence offered by Green Tree in defense to a pleading that remained unanswered.

The dockets next reflect that four Motions in Limine were filed by Crawford and Green Tree responded with Objections based on untimeliness and in violation of the Court's scheduling Order. On October 7, 2015, Judge Fizzano Cannon entered an Order which granted Green Tree's Oral Motion for Leave of Court to Answer Crawford

3

and Kerns' New Matter nunc pro tunc. Both parties were also granted leave of Court to conduct discovery and a date certain for trial was established for February 22, 2016. The Court noted in Paragraph Six that the Motions in Limine were denied without prejudice to raise any evidentiary issues at trial. On December 30, 2015, Crawford filed a Motion to Deem the Request for Admissions Admitted or Motion to Compel Sufficient Responses. Green Tree filed a Motion for Summary Judgment and Crawford also filed a Motion for Partial Summary Judgment on January 5, 2016. After argument, Judge Fizzano Cannon on April 8, 2016 denied each party's Motion for Summary Judgment. On April 13, 2016, the Court granted in part and denied in part Crawford and Kerns' Motion to Compel and instructed Green Tree to file sufficient answers within twenty (20) days of the Court Order.

Green Tree, on April 27, 2016, filed a Petition for an Order of Corrected Foreclosure Notice. Crawford had raised a challenge to the notices attached to the Complaint because, although the document properly identified the parties and the default amount, the notice referenced a property at a different address. On August 23, 2016, Judge Fizzano Cannon granted Green Tree leave of Court to serve a corrected foreclosure notice and instructed Green Tree to file an amended complaint thereafter. The order also provided that upon receipt of the amended complaint, the Court would issue a revised Scheduling Order. Crawford filed, on September 13, 2006, a Motion for an Entry of an Order pursuant to Rule 237.1 (i.e. non-prosecution) which Green Tree timely answered. Judge Fizzano Cannon conducted argument and on October 24, 2016 denied Crawford's Motion. The amended complaint was filed on March 13, 2017. Crawford and Kerns filed Preliminary Objections on April 3, 2017. Judge Fizzano

4

Cannon overruled the Preliminary Objections on April 27, 2017. Crawford and Kerns, on June 26, 2017, filed an Answer with New Matter and Counter-Claim to the Complaint. Crawford pleaded 442 averments in new matter. Crawford also included thirteen (13) counts in the counter-claim, which mostly mirrored the initial counter-claim but now included a claim for violation of loan interest and protection law/usury. Ditech filed Preliminary Objections to the New Matter and Counterclaim. Crawford and Kerns answered on November 13, 2017. Judge Fizzano Cannon sustained Ditech's Preliminary Objections and struck the Counterclaims from the record. Ditech's Preliminary Objections to New Matter were overruled. Ditech was instructed to answer the New Matter and a non-jury trial was placed on the Court's January 29, 2018 term. Judge Fizzano Cannon was elected to the Commonwealth Court of Pennsylvania and commenced her position with that Court on January 1, 2018. The author of this Opinion was assigned Judge Fizzano Cannon's inventory and on February 13, 2018 an order was entered that a status hearing would be conducted on March 22, 2018 as part of the call of the list. On March 20, 2018, Ditech filed a Motion for Summary Judgment. On May 7, 2018, Crawford and Kerns answered the motion. On June 5, 2018, this Court entered an order granting Ditech's Motion for Summary Judgment and entered an in-rem judgment against Crawford and Kerns in the amount of $229,610.38.

Crawford and Kerns have filed a statement of errors complained on appeal pursuant to Pa. R.A.P. No. 1925(b), which contained eight enumerated paragraphs but detail thirty-eight errors by the trial court. Crawford and Kerns complained that this Court failed to read their fifty page response to Ditech's third Motion for Summary Judgment; that this Court overlooked the multiplicity of exhibits placed into the record in

5

their prior Summary Judgment briefing responses; that the Court failed to hold a hearing before ruling on the Motion for Summary Judgment; that Crawford and Kerns were deprived of a right to trial; that the Court violated the coordinate jurisdiction rule by overturning the prior decisions of Judge Fizzano Cannon, who had twice denied Summary Judgment and that the Court lacked jurisdiction due to Green Tree's failure to join indispensable parties. Finally, Crawford and Kerns allege that this Court erred in failing to address any of the issues raised in their new matter and complain of all orders entered by Judge Fizzano Cannon.

Initially, this Court notes that it did review the entire voluminous record before entering its order of June 5, 2018. Ditech, in great detail, averred in 162 paragraphs, the creation of the mortgage, the location of the premises securitized, the identification of the mortgagee and note holder, the identification of the mortgagors, their payment history and the default notices required by statute. Crawford and Kerns' response in opposition contained general averments which failed to specifically admit or deny the occurrence of certain transactions and/or notices to Crawford and Kerns. This Court reviewed the Amended Complaint and the Answer and New Matter to the Amended Complaint. This Court also reviewed, in detail, the citations by Crawford and Kerns in their response referencing exhibits contained in their prior pleadings in this proceeding.

A trial court may grant summary judgment:

[O]nly in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may

6

only grant summary judgment where the right to such judgment is clear and free from all doubt.

Summer v. Certainteed Corp., 997 A.2d 1152, 1159, 606 Pa. 294 (2010) (internal quotations and citations omitted). "A material fact 'is one that directly affects the outcome of the case.' Fortney v. Callenberger, 801 A.2d 594, 597 (Pa.Super.2002). Disputed facts which are not critical to the issue in the petition will not preclude summary judgment." Bartlett v. Bradford Publishing, Inc., 885 A.2d 562, 568 (Pa. Super. 2005). For Crawford and Kerns to have successfully defended against this Motion for Summary Judgment, they would have had to establish "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion." CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 69-70 (Pa. Super. 2016).

Initially, this Court notes that no material factual dispute exists in this proceeding that Crawford and Kerns have failed to make any mortgage payments since April 1, 2013. Crawford and Kerns do not protest such factual finding in their statement of matters complained. Crawford and Kerns missed 45 mortgage payments between April 1, 2013 and December 1, 2016 which totaled $87,589.23. Crawford and Kerns did not elect to pursue any loan modification or any other adjustment offered through the Act 91 notice. Furthermore, Crawford and Kerns failed to offer any evidence that would controvert the evidence cited in support of this Motion and did not offer any challenges to the credibility of the affidavits procured by Green Tree in support of this Motion. As

7

detailed hereinafter, Crawford and Kerns' repeated attempts to establish disputed facts not critical to an in rem proceeding were misfounded.

The record clearly establishes that on March 21, 2013 Green Tree sent a notice to Crawford and Kerns at their home secured by the mortgage informing them that servicing of the mortgage was being transferred from Bank of America to Green Tree effective April 1, 2013. The correspondence further provided that the change in servicing does not affect any terms of the mortgage and contained an address to mail the payments (Exhibit 1(e) to Ditech's Motion for Summary Judgment). Crawford had prior to that time been making timely payments pursuant to an automatic withdraw from his bank account by Bank of America. This initial correspondence from Green Tree notified the Crawford and Kerns that the automatic withdraw payment plan had been cancelled as part of the transfer of servicing. The depositions of Crawford and Kerns (Exhibits 4 and 8) establish that Crawford was no longer living together in the property in March, 2013 and that he rarely picked up his mail. Crawford and Kerns had been married in 2002 shortly after they purchased 615 Edmonds Avenue, Drexel Hill, Delaware County, Pennsylvania, which is the property subject to the mortgage. A copy of the original deed dated September 6, 2002 and the original purchase money mortgage are attached to the Ditech Motion for Summary Judgment (Exhibits 2 and 3). The subject loan was sought in April, 2004 in order to obtain a lower monthly payment and to make repairs to the roof.

In the Preliminary Objections, Answers, New Matter and Counterclaims and in the responses to the motions for Summary Judgment, Crawford and Kerns have challenged every aspect of this litigation from the settlement on the re-finance of the

8

mortgage in 2004, through the corrected Act 91 notice mailed to their attention on December 9, 2016.

Crawford and Kerns have challenged the validity of the mortgage and note executed at their 2004 refinance. Both Crawford and Kerns admit their valid signatures are on the documents but question the propriety of the notary and the handwritten insertion of Kerns name as borrower on the mortgage instrument. Crawford and Kerns question the differences in certain photo copies of the note and mortgage which have been presented into the record. The note attached as Exhibit C to the original complaint had several areas marked "redacted" and failed to include the blank endorsement executed by Countrywide Home Loans, a New York Corporation doing business as American Wholesale Lender. The note attached as Exhibit A to the Amended Complaint inserted the redacted information and included the blank endorsement. The mortgage attached to the original complaint as Exhibit A was also marked redacted in areas which are removed in Exhibit B to the amended complaint. Karyn M. Kerns admitted her valid signature exists on the mortgage but Crawford questioned the appearance of her hand written name in the borrower section on page one of the mortgage. Karyn M. Kerns' name is also hand written under her signature. Crawford questions the identification of MERS and America's Wholesale Lender Corporation as the lender and mortgagee in the original note. Crawford challenges the assignment by MERS to Green Tree Servicing, LLC. Crawford questions the ability of Ditech to proceed on behalf of Green Tree in the Amended Complaint. Crawford also challenges the Act 91 notices, the transfer of the servicing rights on the mortgage, the assignment of the mortgage, and the absence of Fannie Mae from this litigation.

9

Initially, this Court's review of the pleadings, record and Court orders entered by Judge Christine Fizzano Cannon between October 17, 2014 to November 14, 2017 establish no error in Judge Fizzano Cannon's orders. This Court can discern no prejudice to Crawford and Kerns in granting Green Tree leave to amend New Matter, while at the same time, allowing the parties to proceed to Discovery, which had not been conducted prior to the initial trial listing in September, 2015. Moreover, granting Green Tree the right to send a corrected foreclosure notice in August, 2016 did not prejudice Crawford and Kerns because they remained in possession of the premises without payment for the same. Crawford challenges this Court's propriety in granting Summary Judgment after the Court had denied Summary Judgment on two prior occasions. This Court's review of the record details intense Court oversight of the pleadings and rejection of the first two Summary Judgment Motions because of questions raised by Crawford as to document authenticity or the status of the pleadings. The Amended Complaint by Ditech responded appropriately to all prior Court inquiry.

This Court's review of the Crawford and Kerns depositions and the deposition of Stephanie Cejas, a foreclosure mediation specialist and corporate designee on behalf of Green Tree Servicing conducted by Crawford established no error in the creation, recording, assigning, noticing and defaulting on the mortgage and note.

Proceedings in mortgage foreclosure in the Commonwealth of Pennsylvania are governed by Pa. R.C.P. Nos. 1141 through 1150. Rule No. 1147 requires a Plaintiff to set forth in the Complaint: 1.) The parties to and the date of the mortgage, and any assignments, and the statement of the place of record of the mortgage and assignments; 2.) A description of the land subject to the mortgage; 3.) The names,

10

addresses and interests of the Defendants in the action and that the present real owner is unknown if the real owner is not made a party; 4.) A specific averment of default; 5.) An itemized statement of the amount due; 6.) A demand for judgment for the amount due. Rule No. 1148 authorizes a Defendant to plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.

In this proceeding, Ditech has established each of the requirements detailed in Rule No. 1147 to be awarded judgment in its favor. Ditech is proceeding in a limited in-rem mortgage foreclosure proceeding and Crawford and Kerns have not established a proper defense. Nicholas v. Hoffman, 158 A.3d 675 (Pa. Super. 2017), Chrysler First Bus. Credit Corp. v. Gourniak, 601 A.2d 338(Pa. Super. 1992), Cunningham v McWilliams, 714 A.2d 1054 (Pa. Super 1998). Ditech has established possession of the original note endorsed in blank and remains in possession of the note. Bank of America, N.A. v. Gibson, 102 A.3d 462 (Pa. Super. 2014). The description of the premises and the identification of the parties are established in the record. The affidavit of Stewart Derrick, a corporate litigation representative with Ditech Financial, LLC established possession of the note, proper corporate identification and the default in payment. (Exhibit A to Ditech's Motion for Summary Judgment). Crawford and Kerns do not challenge the default in payments. Crawford's counter-claims are improper because the rules limit the same to those being a part of, or incident to, in the creation of the mortgage itself. Mellon Bank, N.A. v. Joseph, 406 A.2d 1055 (Pa. Super. 1979). Pa. R.C.P. No. 1148 does not allow a defendant in a counterclaim to an in-rem mortgage foreclosure proceeding to pursue an action in personam for money damages. New York

11

Guardian Mortgage Corp. v. Dietzel, 524 A.2d 951 (Pa. Super.1987). Crawford and Kerns purchased the real estate on September 6, 2002. The original mortgage securing the real estate on behalf of Weichert Financial Services contained the same MERS designee as mortgagee as did the refinanced mortgage presented herein in 2004 (Exhibit 2 and 3 to Ditech Motion for Summary Judgment). The May 19, 2004 settlement sheet, after refinance, shows the satisfaction of the Weichert mortgage through a payoff to Homecomings Financial (Exhibit 14 to Ditech Motion for Summary Judgment).

Crawford's challenges to MERS were rejected in Bank of America v. Gibson, 102 A. 3d 462 (Pa. Super. 2014). Crawford's demand for Fannie Mae to be joined in this proceeding was rejected in PHH Mortg. Corp. v. Powell, 100 A.3d 611 (Pa. Super. 2014).

Defendant Crawford was afforded a period of almost four years from commencement of this litigation through entry of Summary Judgment to identify any error by Ditech in this proceeding and the record before this Court fails to establish any proper defense.

This Court can ascertain no deprivation to Crawford of his right to trial in this proceeding. On the contrary, the Court has afforded to him every opportunity to address, reinstate or to resolve his admitted default of payment to Ditech. Only limited factual issues are presented to a Court in an in-rem proceeding. Defendants' repeated attempts to interject arguments which may be appropriate in other forums are improper.

For the reasons above, this Opinion is written in support of the orders of Judge Fizzano Cannon and this Court.

BY THE COURT:

_____
CHAD F. KENNEY
Judge

13